TALLMAN v CHEBOYGAN AREA SCHOOLS

Docket No. 113500. Submitted January 9, 1990, at Grand Rapids. Decided April 2, 1990.

Virginia Tallman, the mother of Cheboygan Area Schools student Nicholas Tallman, requested school officials to provide her a copy of her son's school file. She was initially told she could obtain a copy upon payment of $52, one dollar for each page in the file. In correspondence between the school superintendent and an attorney retained by Mrs. Tallman, the school superintendent revised the charge to $32.40, one dollar for each of the first twenty pages, fifty cents for each of the next twenty pages, and twenty cents for each page thereafter. Mrs. Tallman, individually and as next friend of her son, brought an action in Cheboygan Circuit Court against the Cheboygan Area Schools, claiming that defendant had acted in violation of the Freedom of Information Act in responding to her request for a copy of her son's school file. The trial court, Robert C. Livo, J., entered a judgment of no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that plaintiff was not denied access to or a copy of the records and that defendant had not acted arbitrarily or capriciously. However, the record below lacks sufficient factual support for the conclusion reached by the trial court that defendant's policy with respect to copying charges was reasonable and in compliance with the FOIA. Under the FOIA, a public body may charge a fee for providing a copy of a public record. If it does, the fee shall be limited to actual mailing costs and to the actual incremental costs of duplication or publication, including labor, the cost of search, examination, review, and the deletion and separation of those portions of the record which are exempt from disclosure. In this case, the trial court erred in concluding that defendant's policy of a descending scale of charges is tantamount to a legislative act which fits within an exception to the FOIA cost-

REFERENCES

Am Jur 2d, Records and Recording Laws § 14.
See the Index to Annotations under Fees; Freedom of Information Acts; Schools and Education.

determination formula for records prepared under an act or statute specifically authorizing the sale of records at an amount different from that provided by the FOIA. On remand, the trial court is to determine whether defendant's copying-fee schedule meets the requirements of the FOIA.

2. Plaintiff, having prevailed in part, is entitled to an award of attorney fees incurred below and on appeal, but not to any attorney fees which may be incurred on remand.

Reversed and remanded.

RECORDS — FREEDOM OF INFORMATION ACT — FEES FOR RECORDS PROVIDED.

Pursuant to the Freedom of Information Act, a public body may charge a fee for providing a copy of a public record; the fee shall be limited to actual mailing costs, and to the actual incremental cost of duplication or publication, including labor, the cost of search, examination, review, and the deletion and separation of those portions of the record which are exempt from disclosure (MCL 15.234; MSA 4.1801[4]).

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for plaintiff.

*Peter Patrick,* for defendant.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

MURPHY, P.J. Plaintiff appeals from the trial court's judgment of no cause for action on her claim that defendant denied her request for a copy of her son's school file, in violation of the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*

Plaintiff is the mother of Nicholas Tallman, a high school student in the Cheboygan Area Schools. Nicholas had been injured in an accident at school and was undergoing physical rehabilitation. Plaintiff went to the office of the school principal and orally requested a copy of her son's school file because she had an appointment for Nicholas on the following day at a vocational rehabilitation center in Grand Rapids. Although the principal had the file on his desk, he would not

allow plaintiff to inspect it at that time. Plaintiff testified that, when she requested a copy of the file, the principal told her the copy would cost her $1 per page. Plaintiff then requested that she be permitted to take the file out for copying at a less expensive price.[1] However, the principal refused to allow the file to be taken from his office.[2]

Later that same day, plaintiff went to the school district superintendent's office where she was again told that she must pay a charge for copying Nicholas' file.[3] Plaintiff was also advised that, if the vocational rehabilitation center made a written request for the file, appropriate portions of the file would be provided without charge. Plaintiff found this unacceptable because she needed the file on the following day for the out-of-town appointment with the vocational rehabilitation center.

A few days later, through her attorney, plaintiff submitted a written request for a copy of the file.[4] The superintendent's reply letter indicated that the school district's policy set the copying charge at $1 per page for the first twenty pages, $0.50 for each of the next twenty pages, and $0.20 for each additional page thereafter, for a total cost of

[1] Plaintiff testified she could get the file copied for $0.09 a page at a local store.

[2] At trial, it was the defendant's position that it had not denied plaintiff access to her son's file and that she could see the file at a conveniently arranged time after it had been reviewed by defendant and exempt items removed. The trial court found that plaintiff was not denied access to her son's file under the circumstances

[3] The trial transcript contains conflicting testimony regarding the amount per page defendant's employees told plaintiff she would be charged, but it is not important to our decision since the trial court relied on a trial exhibit that listed the defendant's policy of charging a reduced copying charge per page as the volume exceeded twenty pages.

[4] Plaintiff's attorney, apparently having been advised that the file contained fifty-two pages, stated he understood the normal policy of defendant was to charge $1 per page for copying or $52 and inquired how the "policy" amount was determined.

$32.40 for a copy of Nicholas' file,[5] rather than the $1 per page originally stated to plaintiff. Shortly after receiving this response, plaintiff commenced the present action.

After hearing testimony and examining the exhibits, the trial court made factual findings that the defendant had not violated the FOIA by denying plaintiff access to her son's file nor had defendant acted capriciously or arbitrarily, in violation of the FOIA.

This Court will not set aside findings of fact by a trial court unless they are clearly erroneous. MCR 2.613(C). A finding of fact is not clearly erroneous unless there is no evidence to support it or the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). Even if defendant's refusal to disclose or provide the requested materials was a statutory violation, it was not necessarily arbitrary or capricious if defendant's decision to act was based on consideration of principles or circumstances and was reasonable, rather than "whimsical." *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 441; 414 NW2d 909 (1987), lv den 430 Mich 875 (1988).

Defendant offered plaintiff an opportunity to inspect the file after it had been reviewed for exempt materials, if any, and at a convenient time. She was offered copies at a price that appears reasonable but is a price plaintiff claims to have been computed in violation of the FOIA. Additionally, plaintiff was offered copies at no charge if a written request was made by the vocational rehabilitation center. Applying our standard of review, we decline to conclude that the trial

---

[5] These pieces of correspondence were marked as exhibits, entered at trial, and considered by the trial judge in his findings.

court's findings of fact were clearly erroneous when it determined that plaintiff was not denied access to or a copy of the records; nor do we believe that the trial court erred in finding that defendant's acts were not arbitrary or capricious.

However, other rulings by the trial court are more troublesome. The trial court basically concluded that, when computed under the formula of the FOIA statute, the copying charges were more expensive to the school district and to the person requesting copies than the charges based on averages that the school district used, i.e., the policy of a descending scale commencing with a $1 per page. The court further found that the amount to be charged was reasonable and had been established pursuant to a directive of the school board which set forth the policy and the amount of the charge per page. The court concluded that the adoption of this policy by the school board qualified as an act under subsection 4 of § 4 of the FOIA. MCL 15.234(4); MSA 4.1801(4)(4).

The applicable sections of the statute in question provide:

(1) A public body may charge a fee for providing a copy of a public record. Subject to subsection (3), the fee shall be limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14. Copies of public records may be furnished without charge or at a reduced charge if the public body determines that a waiver or reduction of the fee is in the public interest because furnishing copies of the public record can be considered as primarily benefiting the general public. Except as provided in section 30(3) of Act No. 232 of the Public Acts of 1953, being section 791.230 of the Michigan Compiled Laws, a copy of

a public record shall be furnished without charge for the first $20.00 of the fee for each request, to an individual who submits an affidavit stating that the individual is then receiving public assistance or, if not receiving public assistance, stating facts showing inability to pay the cost because of indigency.

\* \* \*

(3) In calculating the costs under subsection (1), a public body may not attribute more than the hourly wage of the lowest paid, full-time, permanent clerical employee of the employing public body to the cost of labor incurred in duplication and mailing and to the cost of examination, review, separation, and deletion. A public body shall utilize the most economical means available for providing copies of public records. A fee shall not be charged for the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14 unless failure to charge a fee would result in unreasonably high costs to the public body because of the nature of the request in the particular instance, and the public body specifically identifies the nature of these unreasonably high costs. A public body shall establish and publish procedures and guidelines to implement this subsection.

(4) This section does not apply to public records prepared under an act or statute specifically authorizing the sale of those public records to the public, or where the amount of the fee for providing a copy of the public record is otherwise specifically provided by an act or statute. [MCL 15.234; MSA 4.1801(4).]

In reviewing the statute's meaning, the stated purpose of the FOIA cannot be ignored:

It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public

officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

The trial court accepted defendant's position that the school board's adoption of its "policy" regarding a fee per page was an "act" under subsection 4 of the above-quoted statute. We disagree. The Legislature is presumed to have intended the plain meaning of the words used in a statute. *Arrigo's Fleet Service, Inc v Michigan,* 125 Mich App 790, 792; 337 NW2d 26 (1983). The phrase "an act or statute," given its plain meaning in the context of the FOIA, means an act or statute of a legislative body. A board of education, as acknowledged by defense counsel during trial, does not pass acts or statutes; it may pass regulations and adopt board policies. This does not constitute an "act or statute" under § 4 of the FOIA and the trial court erred by so ruling.

The court also erred by ruling against plaintiff because the trial court concluded that the board's charge per page was reasonable and that the charge under the FOIA statute was more expensive to the school district and to the person requesting copies than the charge based on the average that the school district used.

Initially, we note that the record lacks sufficient factual support for the conclusions reached by the trial court. The record is simply inadequate to establish that the board policy complied with subsection 3 of § 4 of the FOIA and that it was the most economical means available for providing the public records requested. Regardless of the merits of those findings, defendant school board may not establish for itself what to charge, nor may the court exempt defendant from charging in any

fashion other than that established by the Legislature. A public body is not at liberty to simply "choose" how much it will charge for records. To permit such action would effectively allow the public body to override the directive of the Legislature. It should be remembered that under the FOIA statute the public body may, but is not *required,* to charge for the copying of public records.

The FOIA clearly provides a method for determining the charge for records. It is incumbent on a public body, if it chooses to exercise its legislatively granted right to charge a fee for providing a copy of a public record, to comply with the legislative directive on how to charge. The statute contemplates only a reimbursement to the public body for the cost incurred in honoring a given request—nothing more, nothing less. If the statutorily computed charge is $1 per page for the request, then $1 per page may be charged. However, if the computed charge is $0.09 per page, no more can be charged, regardless of the ease of application of a "policy" or the difficulty in determining the legislatively mandated computation. Similarly, if the appropriate charge for a given request is $10 per page, the legislative scheme does not provide that a less costly request should subsidize the more expensive request through an adopted "policy" of the school board to charge a flat amount per page to produce appropriate information. The Legislature specifically mandated the method of charging a fee, if a fee is to be charged, and did so after clearly stating the public policy of this state on providing public records. If change in the calculation of a fee is to occur, then it must come from the Legislature and not the courts. Therefore, because the trial court failed to insist that defendant comply with the computation section of the FOIA, MCL 15.234(3); MSA 4.1801(4)(3), in calculat-

ing costs, we reverse the judgment of no cause of action and remand for proceedings consistent herewith.

By motion filed with this appeal, plaintiff seeks attorney fees relative to the trial court proceedings as well as fees on appeal. We conclude that plaintiff has prevailed in part and, therefore, that the award of attorney fees is discretionary with the Court, pursuant to MCL 15.240(4); MSA 4.1801(10)(4). See *Dawkins v Civil Service Dep't,* 130 Mich App 669, 674; 344 NW2d 43 (1983). Plaintiff's attorney submitted affidavits outlining attorney fees and expenses on appeal of $947.77. Defendant has not responded to the plaintiff's motion for fees. We note that the attorney fees and expenses requested appear to be reasonable. Therefore, pursuant to MCL 15.240(4); MSA 4.1801(10)(4) and MCR 7.216, we assess $947.77 against defendant in favor of plaintiff's attorney. It is our judgment that additional attorney fees are not required under the circumstances of this case.

We acknowledge that the amount in dispute in this lawsuit is economically insubstantial. Nevertheless, the public policy of this state entitling the public to be informed is clear and the legislative procedure to accomplish the public policy must be observed.

Reversed and remanded. We do not retain jurisdiction.