THOMAS v CITY OF NEW BALTIMORE

Docket No. 236438. Submitted November 6, 2002, at Detroit. Decided
    November 26, 2002, at 9:05 A.M.

Robert P. Thomas brought an action in the Macomb Circuit Court
    against the city of New Baltimore and others, seeking disclosure
    pursuant to the Freedom of Information Act (FOIA), MCL 15.231
    et seq., of certain city planning commission records relating to a
    development project in the city. After the plaintiff's lessor was
    issued a citation for an ordinance violation because the plaintiff
    was storing his boat on a vacant residential lot that was slated to
    be the site of a dwelling yet to be constructed, the plaintiff
    amended his complaint to add claims of retaliatory harassment and
    civil rights violations. The defendants then mailed to the plaintiff
    the records sought pursuant to the FOIA. The plaintiff moved for
    summary disposition regarding the FOIA claim and for a declaratory
    judgment regarding his right to store his boat on the vacant lot.
    The court, James M. Biernat, J., denied the plaintiff's motion for
    summary disposition, dismissed the FOIA claim as moot, and denied
    the plaintiff's request for costs and disbursements as the prevailing
    party. The trial court also rejected the plaintiff's request for a
    declaratory judgment and summarily dismissed the claims of retali-
    atory harassment and civil rights violations, concluding that the
    zoning ordinance prohibited the storage of a boat on a vacant resi-
    dential lot. The plaintiff appealed.

The Court of Appeals held:

1. A trial court must award reasonable attorney fees, costs, and
    disbursements to a party that prevails in an FOIA action. MCL
    15.240(6). A party prevails in the context of an FOIA action when the
    action was reasonably necessary to compel the disclosure and the
    action had a substantial causative effect on the delivery of the
    information to the plaintiff. In this case, the plaintiff, who brought
    his FOIA action in propria persona, prevailed in the action and is
    entitled to his costs and disbursements because his action had a
    substantial causative effect on the delivery of the requested
    information.

2. The trial court erred in construing the relevant zoning ordi-
    nance provisions as prohibiting the storing of a boat on a vacant

residential lot. The ordinance provisions prohibit the storage of boats in front yards, allow the storage of boats in rear yards and behind front building lines, and state that words used in the ordinance in the present tense shall include the future. Accordingly, a boat can be stored on a vacant lot if the boat will be in the rear yard of a structure yet to be built or behind the front building line. Remand is necessary for a determination whether the plaintiff's boat was stored in the rear yard of the structure to be built on the lot or behind the front building line.

Reversed and remanded for further proceedings.

RECORDS — FREEDOM OF INFORMATION ACT — PREVAILING PLAINTIFFS — REASONABLE ATTORNEY FEES, COSTS, AND DISBURSEMENTS.

A plaintiff in an action pursuant to the Freedom of Information Act prevails in the action so as to be entitled to the mandatory award of reasonable attorney fees, costs, and disbursements where the plaintiff is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the act (MCL 15.240[4]).

Robert P. Thomas in propria persona.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Peter W. Peacock*), for the defendants.

Before: TALBOT, P.J., and NEFF and FITZGERALD, JJ.

NEFF, J. Plaintiff appeals as of right from an order denying his motion for summary disposition, dismissing his claims under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, and dismissing his retaliatory harassment and civil rights claims after the trial court concluded that defendant city of New Baltimore properly issued a citation for the storage of plaintiff's boat on vacant property in violation of a city ordinance. We reverse and remand.

I. BASIC FACTS AND PROCEDURAL HISTORY

The chronology and alleged underlying facts of this case are not at issue on appeal. On February 12, 2001,

plaintiff made an FOIA request to defendant Ann Bil-lock, the clerk of the city of New Baltimore, for cer-tain public records related to a development project in the city:

> [1] All materials submitted to the City of any date relating to the compliance of Bay-Rama, Inc. with the New Balti-more Woodlands Ordinance at the Festival Park property adjoining St. Claire Drive, of any date.
>
> [2] All reports, analyses, memoranda or correspondence prepared by Mayor Joe Grajek or his designee in response to the application of Bay-Rama, Inc. for a woodlands permit for Festival Park, of any date.
>
> [3] All proposals, plans, and drawings for the construc-tion of Festival Park, of any date.
>
> [4] All agendas, minutes, resolutions, and permits relating to the consideration and approval or rejection of the pro-posals, plans and drawings for the construction of Festival Park, of any date.

Defendant Joseph Grajek, the city's mayor, responded to the request the same day by producing three records and orally assuring plaintiff that these were all the public records within the scope of the request. However, when plaintiff later attended a city council meeting that evening, he discovered two undisclosed public records posted on a bulletin board outside council chambers. The following day, on Feb-ruary 13, 2001, plaintiff hand-delivered an FOIA appeal letter to the mayor, pursuant to MCL 15.240(1)(a). In that letter, plaintiff expressly stated that, "[b]ecause it is evident that the City has wrongly denied the exis-tence of records about Festival Park that were described sufficiently in the FOIA request to allow them to be identified, I request that you [the mayor] undertake another search of City records and provide me with an amended disclosure of the results." Subse-

quently, the mayor responded to the appeal by producing a booklet containing the two public records and orally assuring plaintiff that there were no other documents.

Nonetheless, at a subsequent city council meeting on February 26, 2001, plaintiff learned of city planning commission records, also allegedly within the scope of his FOIA request, which the city had failed to produce. On March 1, 2001, plaintiff filed this FOIA action seeking disclosure of the requested records.

On March 6, 2001, plaintiff amended his complaint to add claims of "retaliatory harassment" and civil rights violations based on alleged harassment by the mayor and New Baltimore Police Officer Michael Mertens in retaliation for plaintiff's opposition to the Festival Park plans and his legal action against the city. According to the amended complaint, on March 5, 2001, Officer Mertens told plaintiff that he had orders, originating from the mayor, to issue a citation to plaintiff for any violation of law, and that plaintiff's boat was stored on a vacant residential lot in violation of a city ordinance. The boat, which was on a trailer and properly registered, had been stored seasonally for several years on a lot adjoining a duplex plaintiff rented, which was destroyed by a fire on October 8, 2000. Until March 2, 2001, plaintiff had rented and occupied a garage on the duplex property, which was demolished on March 5, 2001, in preparation for reconstruction of the dwelling unit. Officer Mertens informed plaintiff that the boat must be removed or Mertens would issue a citation. Plaintiff's lessor was subsequently issued a citation for a municipal civil infraction for the storage of plaintiff's boat on the vacant lot.

On March 21, 2001, defendants mailed plaintiff the minutes of the city's planning commission meeting, dated March 21, 1995, completing the requested FOIA production. Plaintiff moved for summary disposition regarding the FOIA claim and for a declaratory judgment regarding his right to store his boat on the vacant residential lot. The court denied plaintiff's motion for summary disposition and dismissed plaintiff's FOIA claim on the ground that it was moot because plaintiff had received the remaining public records. With respect to plaintiff's request for a declaratory judgment, the circuit court concluded that the zoning ordinance prohibited the storage of a boat on a vacant residential lot, and accordingly, dismissed plaintiff's claims of retaliatory harassment and civil rights violations.

## II. FOIA CLAIM

Plaintiff argues that he was a "prevailing" party pursuant to the FOIA, and that the circuit court erred in failing to award him actual costs and dismissing plaintiff's FOIA claim as moot. We conclude that plaintiff completely prevailed on this issue and that the circuit court abused its discretion in denying plaintiff actual costs.

This Court reviews de novo a trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing a motion under MCR 2.116(C)(10), this Court must consider all documentary evidence in a light most favorable to the nonmoving party. *Scharret v Berkley*, 249 Mich App 405, 410; 642 NW2d 685 (2002). A motion for summary disposition under MCR 2.116(C)(10) may properly be granted if there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

This Court reviews a trial court's factual findings for clear error and reviews de novo questions of law. *Schroeder v Detroit*, 221 Mich App 364, 366; 561 NW2d 497 (1997). Statutory interpretation is a question of law reviewed de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

The FOIA is a mechanism through which the public may examine and review the workings of government and its executive officials. *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 641; 591 NW2d 393 (1998). It was enacted to carry out this state's strong public policy favoring access to government information, recognizing the need for citizens to be informed so that they may fully participate in the democratic process and thereby hold public officials accountable for the manner in which they discharge their duties. MCL 15.231(2); *Scharret, supra* at 411; *Messenger, supra* at 641. By its express terms, the FOIA is a prodisclosure statute; a public body must disclose all public records not specifically exempt under the act. MCL 15.233(1); *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000); *Scharret, supra* at 411.

The FOIA sets forth specific requirements that must be followed in filing and responding to information requests. Unless otherwise agreed to in writing, a public body must respond to a request for a public record within five business days after it receives the request, and the failure to so respond constitutes a final determination to deny the request. MCL 15.235(2) and (3); *Scharret, supra* at 411-412. "[I]f a public body makes a final determination to deny a

request, the requesting person may either appeal the denial to the head of the public body or commence an action in the circuit court within 180 days." *Id.* at 412-413, citing MCL 15.235(7). If a plaintiff prevails in an action to compel disclosure under the FOIA, the circuit court must award reasonable attorney fees, costs, and disbursements to the plaintiff. *Scharret, supra* at 414.

In this case, the trial court dismissed plaintiff's FOIA claim, concluding that the claim was moot because plaintiff had received the requested public records. The court denied plaintiff's request for costs pursuant to MCL 15.240(6), finding "no evidence that the City had the information at the time requested," and further that the costs incurred were not related solely to plaintiff's FOIA claim because plaintiff's complaint included a count for a declaratory judgment. We disagree.

Under the FOIA, the trial court must award reasonable attorney fees, costs, and disbursements to a prevailing party. MCL 15.240(6). "A party prevails in the context of an FOIA action when the action was reasonably necessary to compel the disclosure, *and the action had a substantial causative effect on the delivery of the information to the plaintiff.*" *Scharret, supra* at 414 (emphasis in original). The mere fact that plaintiff's substantive claim under the FOIA was rendered moot by disclosure of the records after plaintiff commenced the circuit court action is not determinative of plaintiff's entitlement to fees and costs under MCL 15.240(6).

The record indicates that defendants violated the FOIA by failing to respond to plaintiff's FOIA requests as required by statute, MCL 15.235(2); MCL 15.240(2),

and by failing to follow their duty to timely disclose all records within plaintiff's request, particularly when defendants do not allege that they were specifically exempt under the act. MCL 15.233(1).

Although the mayor partially responded to plaintiff's requests and to his appeal, it is undisputed that the city omitted the 1995 planning commission meeting minutes pertaining to Festival Park, and did not disclose the minutes until after plaintiff commenced his action in circuit court. If an FOIA request is denied, the burden is on the public body to justify its decision. MCL 15.240(4); *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991).

On appeal, defendants assert that "they never refused to disclose information compatible with plaintiff's FOIA requests but simply encountered difficulty ascertaining the specific documents which plaintiff requested." In effect, defendants argue that plaintiff failed to sufficiently describe the requested records to enable them to find the records. We find this argument unconvincing.

A request for disclosure under the FOIA must be sufficiently descriptive to allow the public body to find the public records containing the information sought. MCL 15.233(1); *Herald Co, supra* at 121. A request need not describe the specific public records to be disclosed. *Id.*

Neither in the lower court nor on appeal have defendants pointed out which part of plaintiff's FOIA request and appeal they claim is ambiguous or unclear, and the lack of a sufficient description was not cited as a basis for denying any part of plaintiff's FOIA request. MCL 15.235. A review of plaintiff's requests shows that the information sought was suffi-

ciently described. We conclude that the request was valid under MCL 15.233(1). *Herald Co, supra* at 121. The planning commission minutes included a presentation of the Bay-Rama conceptual plan. Defendants have failed to sustain their burden to justify their failure to timely provide plaintiff complete access to the requested public records.

We conclude that the circuit court erred in denying plaintiff costs on the basis that there was no evidence that the public record was in defendants' possession at the time of plaintiff's February 12, 2001, request. The factual basis for the court's finding is unclear. It may stem from confusion over the date of the public record, i.e., the court simply overlooked the six-year difference between the date of the *March 21, 1995*, meeting minutes, and the date that they were mailed to plaintiff, *March 21, 2001*, and erroneously concluded that this document was created after plaintiff's February 2001 FOIA request. Regardless, as discussed above, the court's conclusion fails to recognize that defendants have failed to justify their denial. *Swickard, supra* at 544.

Plaintiff's FOIA action was reasonably necessary to compel the disclosure because the facts show that, despite the mayor's several assurances that the requested records had been provided, plaintiff continued to discover the existence of additional public records within the scope of his request. Given the lack of any evidence to the contrary, we conclude that the action had a substantial causative effect on the delivery of the 1995 planning commission minutes to plaintiff. Therefore, plaintiff prevailed in his FOIA claim. *Scharret, supra* at 414.

With respect to whether plaintiff has completely prevailed in the FOIA claim, this Court has previously explained:

> In drafting MCL 15.240(4); MSA 4.1801(10)(4), the Legislature apparently intended to enforce the obvious salutary purposes of the FOIA to encourage voluntary compliance with requests under the FOIA and to encourage plaintiffs who are unable to afford the expense of litigation to nonetheless obtain judicial review of alleged wrongful denials of their requests. In light of these purposes, we believe that a plaintiff "prevails" in the action so as to be entitled to a mandatory award of costs and fees where he is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the FOIA, even though the action has been rendered moot by acts of the public body in disposing of the documents. An otherwise successful claimant should not assume the expenses of the litigation solely because it has been rendered moot by the unilateral actions of the public body. The trial court's order denying costs and attorney fees is therefore vacated. [*Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 733-734; 415 NW2d 292 (1987) (citations omitted).]

Defendants argue that *Walloon* is inapplicable to the facts in the instant case because of "the unique circumstances" in that case. In *Walloon*, the public body did not have the requested public record because it gave it to a third party after the plaintiff's request. *Id.* at 729, 732-733. We do not find defendants' action of withholding the public record in the instant case distinguishable from actively disposing of a public record when the purpose and effect of both actions was to deprive the requester his statutory right to access those public records, thereby defeating the purposes of the FOIA. Therefore, in light of the above, plaintiff has completely prevailed in his FOIA

action, and he is entitled to an award of his actual costs of $139.63 as verified in his uncontroverted affidavit detailing his costs and disbursements for Count I of his complaint, i.e., his FOIA claim.[1]

### III. DECLARATORY JUDGMENT

Plaintiff argues that the circuit court erred when it construed the disputed provisions of the city ordinance and ruled that the ordinance prohibits the storing of plaintiff's boat on a vacant residential lot. We agree, albeit for a different reason.

The rules governing the construction of statutes apply with equal force to the interpretation of municipal ordinances. *Gora v Ferndale*, 456 Mich 704, 711; 576 NW2d 141 (1998). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Id.* The first consideration in determining legislative intent is the specific language of the statute. *Id.* If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted and courts must apply the statute as written. *Id.*

The first section of the zoning ordinance at issue is § 1214, "Storage in Any Residential District," which provides, in pertinent part: "A. The storage of tents, fish shanties, travel trailers, utility trailers, boats and recreation vehicles and similar items shall not be per-

---

[1] Plaintiff acknowledges that because he proceeded in propria persona, he is not entitled to attorney fees. *Haskins v Oronoko Twp Supervisor*, 172 Mich App 73, 79; 431 NW2d 210 (1988).

mitted within the front yard. Reference should be made to Section 1401.A. and 1401.B."

Here, the circuit court referred to subsection 1401(A),[2] which provides:

> A. No major recreational equipment shall be parked or stored on any lot in a residential district except in a garage, enclosed building, or in the rear yard, or located behind the front building line of the main structure and placed so as not to cause a nuisance to abutting residential premises. No such equipment shall be used for living, sleeping or house-keeping purposes when parked or stored on a residential lot.

According to subsection 1214(A), the storage of utility trailers and boats and similar items shall not be permitted within the front yard. According to the applicable provisions of subsection 1401(A), a boat may only be stored in the rear yard or behind the front building line of the main structure. The circuit court analyzed the terms "yard" and "structure" as defined by the ordinance, and, from the language of those definitions, concluded that the ordinance requires a structure or building to be present on the lot to satisfy the storage requirements of the ordinance. However, the circuit court failed to take the analysis a step further. Section 1900 of the ordinance, "Construction of Language," provides the rules of construction that are to be applied to the text of the ordinance. According to subsection 1900(4), "[w]ords used in the present tense shall include the future . . . ." The ordinance does not define the word "future." Therefore, the dictionary definition for its ordinary and plain meaning is warranted. *Koontz v*

---

[2] The parties agree that subsection 1401(B) is inapplicable.

*Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). According to *Random House Webster's College Dictionary* (1997), the word "future" means "something that will exist or happen in time to come."

The two provisions at issue and the definitions provided by the ordinance are in the present tense. Therefore, they include not only something that currently exists, but also something that will exist or happen in the future, but does not necessarily exist now.[3] The ordinance defines "structure" as "anything [that is] constructed or erected, the use of which requires location on the ground or attachment to something having location on the ground." By using the ordinance's rule of construction, the present tense form of this definition includes the future, which means that the structure on the property need not exist at the present moment, but may exist in the future. Accordingly, the circuit court erred in concluding that the ordinance prohibits the storage of a boat on a vacant lot.

Pursuant to subsection 1214(A), the boat may be stored at the point where the front yard ends, that is, where the front of the future building may be legally located. Pursuant to subsection 1401(A), the boat can be stored either in the rear yard (which begins with the back side of the future building) or behind the front building line (where the front of the future building may be legally located). Thus, subsections 1214(A) and 1401(A) are clear and unambiguous, and allow plaintiff to store his boat on the vacant residen-

---

[3] In fact, according to plaintiff's affidavit, the lot still has the cinderblock foundation from the former two-story home on the lot, which was destroyed by fire in the 1960s.

tial lot as long as the boat is stored behind the front building line or in the rear yard.

Because the circuit court determined that the ordinance prohibited the storage of the boat on a vacant lot, the circuit court did not make a determination with respect to whether plaintiff's boat was stored behind the front building line or in the rear yard of the lot. This Court may address an issue not decided below if it is a question of law for which all the necessary facts were presented. *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 326; 565 NW2d 915 (1997). Although plaintiff provided the circuit court with a comprehensive analysis of the rear yard and front line requirements that apply to his residential lot pursuant to the ordinance, showing that his boat was stored well within the confines of the rear yard, which defendants did not challenge in the lower court, a determination whether plaintiff's boat was legally stored in the rear yard or behind the front building line is a factual determination that cannot be made by this Court. Therefore, on remand, the circuit court should make this determination.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.