MEREDITH CORPORATION v CITY OF FLINT

Docket No. 232310. Submitted January 14, 2003, at Detroit. Decided June 3, 2003, at 9:10 A.M.

Meredith Corporation, doing business as WNEM TV5, brought an action in the Genesee Circuit Court pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, against the city of Flint after the city denied the plaintiff's request for an audiotape of a 911 call that was made by a minor to the city's 911 center just before the minor shot and killed his uncle. The city argued that the audiotape was exempt from disclosure because it was part of an ongoing law-enforcement investigation, and later argued, after the minor was charged with manslaughter, that release of the tape would jeopardize the minor's right to a fair trial. In the circuit court, family division, proceeding against the minor, the city filed a motion for a protective order seeking to prevent disclosure of the audiotape. The plaintiff intervened in that proceeding and opposed the city's motion for a protective order. Subsequently, the plaintiff moved to compel disclosure of the audiotape in the circuit court, arguing that because the law-enforcement investigation had been completed, and because both the prosecutor and the minor's attorney had signed affidavits supporting release of the audiotape, it should be disclosed. The city continued to argue that release of the audiotape threatened the minor's right to a fair trial. The circuit court, Richard B. Yuille, J., concluded that the city's reasons for nondisclosure were without merit, but stayed the order granting the motion until after the city's motion for a protective order was heard by the family division. The family division denied the motion, and the circuit court entered an order compelling disclosure of the audiotape. The plaintiff filed a motion for costs, attorney fees, and punitive damages. The city argued that the plaintiff was not a prevailing party for purposes of awarding attorney fees, that the lawsuit had not been necessary to compel disclosure, and that the city's decision not to disclose was not arbitrary and capricious and thus punitive damages were not warranted. The circuit court concluded that the plaintiff was a prevailing party, but only granted attorney fees and costs incurred after the prosecutor and minor's counsel had signed their affidavits supporting release. The court also granted fees incurred in the family division, but denied the

request for punitive damages. The city appealed regarding the award of costs and attorney fees, and the plaintiff cross-appealed.

The Court of Appeals *held*:

1. MCL 15.240(6) provides that a prevailing party in an FOIA action shall be awarded reasonable attorney fees. A party prevails in an FOIA action when the action was reasonably necessary to compel disclosure. The circuit court did not err in concluding that the plaintiff was a prevailing party because it was undisputed that the defendant did not release the audiotape until ordered to do so by the court. Moreover, the city's argument that the plaintiff was not a prevailing party because the decision in the family-division proceeding, rather than the circuit court's decision, compelled release of the audiotape is without merit because the circuit court did, in fact, decide the relevant issues and ordered production of the tape.

2. The circuit court did not err in awarding the plaintiff attorney fees and costs incurred in opposing the city's motion for a protective order in the family-division proceeding because the plaintiff's suit was initiated pursuant to the FOIA, and the plaintiff was entitled to all fees related to achieving production of the audiotape. The fact that a portion of the requested attorney fees were incurred in a separate, related matter does not preclude recovery of that portion of the fees. Moreover, the plaintiff's participation in the family-division proceeding was necessary given the city's decision to pursue a protective order.

3. The circuit court erred by refusing to award costs and attorney fees the plaintiff incurred before the date the affidavits were signed by the prosecutor and defense counsel, because MCL 15.240(6) does not permit the circuit court to limit a prevailing party's request for attorney fees to those incurred only when the defendant's refusal to disclose is unreasonable. Rather, the statute provides without qualification that the circuit court must award the prevailing party reasonable attorney fees and costs.

4. The circuit court erred by refusing to award punitive damages under MCL 15.240(7). In this case, in addition to admitting that the plaintiff was entitled to the audiotape, the city consistently failed to articulate any specific reasons why disclosure of the audiotape would deprive the minor of a fair trial, and delayed release of the tape until ordered by the circuit curt to do so. Under these circumstances, the city's refusal to disclose was arbitrary and capricious.

Affirmed in part, reversed in part, and remanded for further proceedings.

SMOLENSKI, P.J., concurring in part and dissenting in part, stated that he would not award punitive damages because, under the circumstances, the city did not act arbitrarily and capriciously.

STATUTES — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

For purposes of awarding attorney fees, costs, and disbursements to a prevailing party in action brought under the Freedom of Information Act, the prevailing party is entitled to all fees related to achieving production of the materials, and the fact that a portion of the requested fees were incurred in a separate, related matter does not preclude recovery of that portion of the fees (MCL 15.240[6]).

*Braun Kendrick Finkbeiner, P.L.C.* (by *Scott C. Strattard* and *Craig W. Horn*), for the plaintiff.

*Joliat, Tosto, Mccormich & Bade, PLC* (by *John A. Tosto*), for the defendant.

Before: SMOLENSKI, P.J., and WILDER and SCHUETTE, JJ.

WILDER, J. In this action filed pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant city of Flint appeals as of right from the circuit court's judgment awarding plaintiff Meredith Corporation $6,269.73 in costs and attorney fees. Plaintiff cross-appeals the circuit court's denial of its request for punitive damages and denial of attorney fees and costs incurred before August 21, 2000. We affirm in part, reverse in part, and remand.

I. FACTS AND PROCEEDINGS

In early July 2000,[1] a minor called defendant's 911 center for assistance and, immediately following the call, shot and killed his uncle. The prosecutor charged the minor in the family division of circuit court with voluntary manslaughter and possession of

---

[1] The exact date of the incident is not clear from the record. Although some documents state that the incident occurred on July 3, 2000, plaintiff's complaint states that the incident occurred "on the evening of July 4 or early on July 5."

a firearm during the commission of a felony. The minor asserted that he shot his uncle in self-defense. On July 6, 2000, plaintiff submitted an FOIA request for disclosure of audiotapes of the 911 call and police-dispatch radio traffic concerning the incident and records identifying who was staffing defendant's 911 center when the minor called 911.

On July 12, defendant's assistant city attorney informed plaintiff by letter that it could not provide the requested information within five business days as required by the act and that defendant was claiming the ten-business-day extension for disclosure permitted by MCL 15.235(2)(d). Two days later, on July 14, defendant's assistant city attorney sent plaintiff a letter denying its FOIA request. Defendant claimed in the letter that the information was exempt from disclosure pursuant to MCL 15.243(1)(b)(i) and (ii) "as this is an on-going investigation."[2] Defendant's assistant city attorney sent an identical letter to plaintiff on July 26, 2000.

On August 17, 2000, plaintiff filed its complaint in the instant matter, asserting that the information was subject to disclosure and that the attorneys in the underlying juvenile proceeding had consented to disclosure of the information. According to plaintiff's complaint, the minor had been bound over for trial on charges of manslaughter, and the law-enforcement investigation was not ongoing.[3]

---

[2] MCL 15.243(1)(b)(i) and (ii) exempt public records from disclosure that are "[i]nvestigating records . . . that . . . would . . . [i]nterfere with law enforcement proceedings" or "[d]eprive a person of the right to a fair trial or impartial administrative adjudication."

[3] While the record before us does not reveal the dates that the minor was charged by the prosecutor or bound over by the district court, defen-

One hour after plaintiff filed its complaint, defendant filed a motion for a protective order in the juvenile proceeding concerning disclosure of the tape. In its motion, defendant stated that the minor's attorney had subpoenaed the 911 tape from defendant, that several media outlets had requested the tape, and that the tape contained statements made by the minor and his uncle. Defendant requested that the family division of circuit court enter an order prohibiting the minor's attorney from disseminating the tape or its contents to anyone, including the media and the minor's family members, until after the minor's trial.

On August 22, 2000, plaintiff filed a motion in the circuit court to compel disclosure of the information it requested pursuant to the FOIA, which the circuit court heard on August 28, 2000. At the hearing, plaintiff contended that because the minor had been charged and bound over, any law-enforcement investigation had concluded. Plaintiff also noted that both the minor's attorney and the prosecutor assigned to the case had signed affidavits supporting release of the tape. Plaintiff requested immediate disclosure of the 911 tape and an award of $500 in punitive damages for defendant's arbitrary and capricious denial of plaintiff's request.

In response, defendant acknowledged that because the police had completed their investigation and the prosecution had acted on the investigation, any further investigation would be conducted by the prosecutor's office, not law enforcement. Defendant claimed, however, that because of the "exciting"

---

dant does not dispute plaintiff's claim that the law-enforcement investigation was not ongoing when plaintiff's complaint was filed.

nature of the tape, release of the contents of the tape would receive substantial media attention and the minor's right to a fair trial could be jeopardized. Defendant requested a protective order preventing disclosure of the tape on this basis. Defendant also informed the circuit court that the family division of circuit court would be hearing its motion for a protective order the following day. Plaintiff advised the circuit court that it had intervened in the family-division proceeding and had filed a brief in opposition to defendant's motion for a protective order.

The circuit court found that there was no "justification on the evidence and documents submitted to me that would allow the City of Flint not to disclose the 911 tape that was requested." The circuit court specifically found no evidence of an ongoing law-enforcement investigation. Regarding defendant's claim that by refusing to disclose the tape it sought to preserve the fairness of the minor's trial, the circuit court stated:

> I think that is a noble concern, and certainly one that [the family division] might want to address, but I think in terms of the right of the [p]laintiff to seek this information through the Freedom [of] Information Act, that that is not something that should be addressed by me here.

Although the circuit court held that "the reasons for nondisclosure offered by the [c]ity . . . are without merit and that the 911 tape should be disclosed," the circuit court chose to delay the effect of its ruling until after the hearing on defendant's motion for a protective order and directed that "release [of the tape] was subject to [the family division's] concept of what is needed to protect his trial."

During the hearing in the family division on defendant's motion for a protective order,[4] defendant admitted that plaintiff was entitled to the tape. Nevertheless, defendant argued that because the tape would likely be played repeatedly by the media, it should not be made public until after the trial. Defendant also claimed that "[the minor's] right to a fair trial might be—might be affected. The City of Flint's case, the Prosecutor's case, might be affected" by distribution of the tape before trial.

Plaintiff opposed the motion and advised the family division that the circuit court had found no valid reasons for nondisclosure of the tape. Plaintiff argued that the order sought by defendant violated the First Amendment as a prior restraint on publication and that defendant lacked standing to raise the fair-trial issue. The prosecution argued in support of defendant's motion as a prophylactic measure to prevent a change of venue or a protracted jury-selection process, but admitted that there was no legal basis for prohibiting release of the tape. Counsel for the minor concurred with plaintiff that defendant lacked standing to assert the minor's right to a fair trial, and asserted that defendant's true reason for wanting to shield the tape from public exposure was the resulting criticism defendant's 911 system could face after release of the tape.

The family division denied defendant's motion, finding that defendant failed to sustain its burden of showing that disclosure of the evidence would interfere with the parties' rights to a fair trial, and that the

---

[4] For reasons not clear from the record, the hearing on defendant's motion was adjourned to September 5, 2000.

requested order constituted an unconstitutional prior restraint on publication. Later that day, the circuit court in the instant case signed an order granting plaintiff's motion to compel disclosure of the tape. Defendant subsequently released the tape to plaintiff.

Thereafter, plaintiff filed a motion for costs, attorney fees, and punitive damages stemming from defendant's denial of its FOIA request. Defendant argued that plaintiff was not entitled to attorney fees. First, defendant claimed that plaintiff was not the "prevailing party" because the FOIA suit was not reasonably necessary to obtain disclosure of the tape, and the suit was not a substantial cause of the tape's disclosure. Second, defendant argued that plaintiff was not "forced" into litigation and could have opted for a less expensive administrative appeal of defendant's denial. Defendant also claimed that because its reasons for denying plaintiff's FOIA request were based in law, it had not acted in an arbitrary and capricious manner in denying the request and thus plaintiff was not entitled to punitive damages. Defendant also objected to the amount of attorney fees plaintiff requested, noting that plaintiff had requested attorney fees related to intervening in the family-division proceeding to oppose defendant's motion for a protective order.

At the hearing on plaintiff's motion, the circuit court found that plaintiff was a prevailing party and that it was necessary for the suit to be filed to achieve production of the tape. The circuit court also found that defendant "probably" had a reasonable belief that the minor's rights could be affected by release of the tape, but that once the minor's attorney and the prosecutor indicated in affidavits that they did not oppose release of the tape, "at that point in

time, the case was over for all practical purposes." Accordingly, the circuit court found that plaintiff was entitled to attorney fees only from the date of the affidavits forward. Additionally, the circuit court found that because defendant also sought to prevent disclosure by moving for a protective order in the family-division proceeding, plaintiff necessarily pursued its right to production of the tape in the family division as well, and that plaintiff was entitled to recover attorney fees incurred in that forum. Subsequently, the circuit court held an evidentiary hearing regarding the reasonableness of plaintiff's requested attorney fees and entered judgment in plaintiff's favor. In addition to its rulings on plaintiff's request for attorney fees, the circuit court also denied plaintiff's request for punitive damages, concluding that defendant did not act arbitrarily and capriciously in declining to release the tape. This appeal followed.

On appeal, defendant claims that the circuit court erred by finding that plaintiff was a prevailing party and by permitting plaintiff to recover attorney fees incurred when plaintiff intervened in the family-division proceeding to oppose defendant's motion for a protective order. Plaintiff argues on cross-appeal that the circuit court erred by limiting its recovery of attorney fees to those incurred after the attorneys in the family-division proceeding approved by affidavit the release of the tape. Plaintiff also argues that the circuit court erroneously concluded that it was not entitled to punitive damages.

### II. STANDARD OF REVIEW

We review de novo questions of law such as statutory interpretation. *Thomas v New Baltimore*, 254

Mich App 196, 200; 657 NW2d 530 (2002). We review
for clear error the circuit court's findings of fact. *Id.*

### III. ANALYSIS

Defendant first claims that plaintiff was not a pre-
vailing party in the present action because plaintiff
failed to demonstrate that the suit was reasonably
necessary to compel disclosure of the requested infor-
mation. We disagree.

Consistent with the "prodisclosure" intent of the
FOIA, a public body must provide the public with
access to all government information that is not spe-
cifically exempt from disclosure. *Thomas, supra* at
201. To efficiently accomplish disclosure, the FOIA
places specific requirements on public bodies that
receive requests for public records. A public body
must respond to a request for public records within
five business days of receipt of the request by either
granting the request in whole or in part, denying the
request in whole or in part, or notifying the request-
ing party that it will respond to the request in ten bus-
iness days. MCL 15.235(2)(a)-(d); see also *Key v Paw
Paw Twp*, 254 Mich App 508, 511-514; 657 NW2d 546
(2002). If the public body denies the request in writ-
ing in whole or in part, the denial constitutes "a pub-
lic body's final determination" to deny the request.
MCL 15.235(4). After the public body denies the
request, the requesting party has the right to either
appeal the denial to the head of the public body, MCL
15.240(1)(a), or seek review of the denial in circuit
court, MCL 15.240(1)(b).

> If a person asserting the right to inspect, copy, or receive
> a copy of all or a portion of a public record prevails in an

> action commenced under this section, the court shall award
> reasonable attorneys' fees, costs, and disbursements. If the
> person or public body prevails in part, the court may, in its
> discretion, award all or an appropriate portion of reason-
> able attorneys' fees, costs, and disbursements. [MCL
> 15.240(6).]

Additionally, the circuit court must award the requesting party $500 in punitive damages if it determines that the public body "arbitrarily and capriciously violated [the FOIA] by refusal or delay in disclosing or providing copies of a public record." MCL 15.240(7).

"A party prevails in the context of an FOIA action when the action was reasonably necessary to compel the disclosure, and the action had a substantial causative effect on the delivery of the information to the plaintiff." *Scharret v Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002).

The circuit court specifically found that plaintiff was the prevailing party and that "it was necessary for the lawsuit to be filed to produce the tape." Defendant fails to show that this finding is clearly erroneous, because it is undisputed that defendant did not release the tape until ordered to do so by the circuit court. The circuit court plainly considered the relevant factors in reaching its conclusion that plaintiff was the prevailing party.

Defendant next argues that the circuit court erred in finding that plaintiff was the prevailing party because the decision in the family-division proceeding, rather than the circuit court's order in this action, compelled release of the tape. We disagree. Defendant's denial of plaintiff's FOIA request constituted a final decision to deny the request. MCL 15.235(4).

Plaintiff had the right, therefore, to institute this litigation, MCL 15.240(1)(b), and, at the conclusion of this litigation, the circuit court ordered production of the tape. In contrast, defendant's motion for a protective order in the family-division proceeding sought only to limit the minor's attorney's use of the tape, and the order denying defendant's motion did not require defendant to provide the tape to plaintiff. Additionally, defendant's motion addressed only one of defendant's claimed exemptions from disclosure. The instant litigation was reasonably necessary to determine that all of defendant's claimed exemptions lacked merit.

Similarly, the circuit court's deferral to the family division concerning the minor's right to a fair trial does not prevent a finding that the instant action had a "substantial causative effect" on the release of the tape. Although the circuit court stayed the effect of its order until after the hearing in the family division, it specifically held that defendant's "reasons . . . for nondisclosure" lacked merit. Moreover, at the hearing on plaintiff's motion for attorney fees, the circuit court noted that the family division "in effect, . . . agreed with the decision that was made earlier . . . ." Accordingly, it is clear that the circuit court ruled on both of the exemptions claimed by defendant, not just the minor's right to a fair trial. For all of these reasons, we find that the circuit court properly concluded that plaintiff prevailed in the instant action.

Defendant next asserts that the circuit court erred in awarding plaintiff costs and attorney fees incurred in opposing defendant's motion for a protective order in the family division because the costs and fees were not incurred in the FOIA action. We disagree. Defen-

dant emphasizes the words "under this section" in MCL 15.240(6), but fails to read the phrase in context. The statute states that "[i]f a person . . . prevails in an action *commenced* under this section" the circuit court must award *reasonable* attorney fees. *Id.* (Emphasis added.) Construing the plain language of the statute, *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002), we find that as long as an action for disclosure of public records is initiated pursuant to the FOIA, the prevailing party's entitlement to an award of reasonable attorney fees, costs, and disbursements includes *all* such fees, costs, and disbursements related to achieving production of the public records. The fact that a portion of the requested attorney fees were incurred in a separate, related matter does not preclude recovery of that portion of the attorney fees. Rather, the circuit court may consider the fact that the prevailing party incurred fees and costs in multiple proceedings in determining whether the requested sum is reasonable.[5] The circuit court did not err as a matter of law by concluding that plaintiff could recover attorney fees incurred as a result of its participation in the family-division proceeding.

Moreover, we find that the circuit court did not clearly err by finding that plaintiff's participation in the family-division hearing was necessary in light of

---

[5] In *Michigan Tax Mgt Services Co v Warren*, 437 Mich 506, 509; 473 NW2d 263 (1991), an action under the FOIA, our Supreme Court adopted the analysis employed in *Wood v DAIIE*, 413 Mich 573, 587-588; 321 NW2d 653 (1982), which cited the factors listed in *Crawley v Schick*, 48 Mich App 728, 737; 211 NW2d 217 (1973), as appropriate criteria for the circuit court to consider in determining whether requested attorney fees are reasonable. " '[A] trial court should consider the guidelines of *Crawley*[; however,] it is not limited to those factors in making its determination.' " *Michigan Tax Mgt Services Co, supra* at 510, quoting *Wood, supra* at 588.

the facts of this case. Rather than conclusively resolving the validity of its objections to releasing the tape in the FOIA action, defendant chose to pursue a protective order in the underlying family-division proceeding. The circuit court did not clearly err in finding that plaintiff acted reasonably by intervening in the family-division proceeding to oppose defendant's motion for a protective order in furtherance of its claim under the FOIA.

On cross-appeal, plaintiff argues that the circuit court erred by refusing to award the costs and attorney fees it incurred before August 21, 2000, the date when counsel in the family-division proceeding signed affidavits stating that they did not object to the release of the tape. We agree. In its ruling on plaintiff's motion for attorney fees, the circuit court limited its award to fees plaintiff incurred on or after August 21, 2000, because defendant "probably had a belief that [wa]s reasonable that the release of the tape may impact" the minor's trial. The circuit court erred, however, by limiting the award in this manner. The language of MCL 15.240(6) does not permit the circuit court to limit the prevailing party's request for attorney fees to those incurred *only* when the defendant's refusal to disclose the public records is unreasonable. Instead, the statute provides without qualification that the circuit court *must* award the prevailing party reasonable attorney fees, costs, and disbursements. If the circuit court had determined that plaintiff prevailed only in part, it might have exercised its discretion to award plaintiff only a portion of its reasonable attorney fees, MCL 15.240(6), but no such finding was made. Accordingly, we reverse the portion of the circuit court's decision lim-

iting plaintiff's recovery of reasonable attorney fees, and remand for a determination of reasonable attorney fees and costs incurred before August 21, 2000.

Lastly, plaintiff argues that the circuit court erred in denying its request for punitive damages under MCL 15.240(7). We agree. We review for clear error the circuit court's finding that defendant did not act arbitrarily and capriciously. *Yarbrough v Dep't of Corrections*, 199 Mich App 180, 185; 501 NW2d 207 (1993). "Even if defendant's refusal to disclose or provide the requested materials was a statutory violation, it was not necessarily arbitrary or capricious if defendant's decision to act was based on consideration of principles or circumstances and was reasonable, rather than 'whimsical.' " *Tallman v Cheboygan Area Schools*, 183 Mich App 123, 126; 454 NW2d 171 (1990), quoting *Laracey v Financial Institutions Bureau*, 163 Mich App 437, 441; 414 NW2d 909 (1987).

Here, the circuit court found that defendant had a reasonable belief (at least for a period) that release of the tape could compromise the minor's right to a fair trial, and that defendant's decision to withhold the tape was not arbitrary and capricious. This finding was clearly erroneous. Throughout the proceedings, defendant consistently failed to articulate any specific reasons why disclosure of the tape would deprive the minor of a fair trial, other than that the tape would receive extensive media attention. In particular, while admitting in both proceedings that plaintiff, and therefore the public, was entitled to release of the tape, defendant offered no basis for concluding that the minor's right to a fair trial would not be adequately protected by the prosecutor and the minor's attorney, each of whom had the direct responsibility

to protect the minor's rights and approved the release of the tape.

Despite knowing that the tape was subject to disclosure, defendant pursued a strategy that delayed release of the tape for weeks after plaintiff submitted its FOIA request. Even after the prosecution and the minor's attorney approved release of the tape, defendant refused to release it until ordered to do so by the circuit court. Under these circumstances, we conclude that the circuit court clearly erred in finding that defendant did not act arbitrarily and capriciously in withholding the tape. Accordingly, we reverse the circuit court's denial of plaintiff's request for punitive damages. On remand, the circuit court must award plaintiff punitive damages in accordance with MCL 15.240(7).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SCHUETTE, J., concurred.

SMOLENSKI, P.J. (*concurring in part and dissenting in part*). I concur in part and dissent in part. I would not award punitive damages because I believe that under the circumstances, the defendant did not act arbitrarily and capriciously.