*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOOLES CONTRACTING GROUP, LLC,

        Plaintiff-Appellant,

v

WASHTENAW COUNTY ROAD COMMISSION,

        Defendant-Appellee.

UNPUBLISHED
April 4, 2024

No. 363005
Washtenaw Circuit Court
LC No. 17-000765-CZ

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

GARRETT, J. (*dissenting*).

This appeal presents difficult questions about a party's entitlement to attorney fees under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.* I agree with much of the majority's well-reasoned opinion. Rather than affirm, however, I would vacate the trial court's order and remand to that court to reconsider the request by plaintiff for attorney fees incurred in establishing entitlement to fees ("fees for fees") under the FOIA's fee-shifting provision, MCL 15.240(6). Therefore, I respectfully dissent.

As the majority recounts, this case is now before us for the third time. See *Tooles Contracting Group, LLC v Washtenaw Co Rd Comm*, unpublished per curiam opinion of the Court of Appeals, issued October 3, 2019 (Docket No. 345182) (*Tooles I*); *Tooles Contracting Group, LLC v Washtenaw Co Rd Comm*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2021 (Docket No. 354045) (*Tooles II*). In *Tooles II*, unpub op at 10, this Court concluded that plaintiff prevailed as a matter of law on its FOIA claim involving Request 5, so an award of reasonable attorney fees was mandatory. See MCL 15.240(6) (providing that a court "shall award reasonable attorneys' fees, costs, and disbursements" to a party who "prevails" in a civil action to compel disclosure of public records). On remand after *Tooles II*, the trial court awarded attorney fees to plaintiff but limited the scope of the award to those fees incurred before April 13, 2018, when the requested documents were produced.

The majority declines to resolve whether MCL 15.240(6) "presumptively requires or prohibits an award of attorney fees incurred post-disclosure to establish entitlement to fees," but "suggests that the default principle is that an award of such fees remains within the trial court's

-1-

discretion." Accepting that formulation for purposes of this case,[1] I would vacate the trial court's order because the court seemingly believed it had *no* discretion to award any fees incurred once the documents sought in Request 5 were produced. The trial court read too narrowly this Court's statement that an award of attorney fees under FOIA includes " 'all fees, costs, and disbursements related to *achieving production* of the public records.' " *Tooles II*, unpub op at 9, quoting *Meredith Corp v Flint*, 256 Mich App 703, 715; 671 NW2d 101 (2003) (emphasis added). It does not necessarily follow from *Meredith* that attorney fees incurred after achieving production of records are never recoverable, and by its plain terms, MCL 15.240(6) contains no such limitation. Later in its opinion, this Court used broader language, stating that plaintiff was entitled to "reasonable attorney fees that it incurred to litigate whether [defendant] wrongfully denied Request 5." *Tooles II*, unpub op at 9. In any event, while *Tooles II* does not resolve the question, I agree with the majority that a trial court *at least* has discretion to award attorney fees incurred while litigating a fee request. Allowing "fees for fees" tracks the purpose of MCL 15.240(6), which is "to encourage voluntary compliance with requests under the FOIA and to encourage plaintiffs who are unable to afford the expense of litigation to nonetheless obtain judicial review of alleged wrongful denials of their requests." *Thomas v City of New Baltimore*, 254 Mich App 196, 205; 657 NW2d 530 (2002) (cleaned up).

Where I primarily depart from the majority is in its conclusion that the trial court properly declined to award "fees for fees" because plaintiff needlessly prolonged this litigation. See *Electronic Privacy Info Ctr v Dep't of Homeland Security*, 197 F Supp 3d 290, 297 (D DC, 2016) (explaining that courts in that circuit "must . . . withhold fees on fees where the plaintiff needlessly prolongs litigation") (cleaned up). First, this determination seems like one best left for the trial court in the first instance, as it was in *Electronic Privacy Info Ctr*. On abuse-of-discretion review—which applies to our review of an an award of attorney fees, *Prins v Mich State Police*, 299 Mich App 634, 641; 831 NW2d 867 (2013)—we often require the trial court in various contexts to support its exercise of discretion with reasoning in order to facilitate appellate review. See, e.g., *People v Boykin*, 510 Mich 171, 192; 987 NW2d 58 (2022) (criminal sentencing); *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000) (discovery sanctions). Because the trial court erroneously believed that it lacked discretion to award fees incurred after production of the relevant documents, I would vacate the trial court's order and remand for reconsideration of the fee award.

But if required to address it, I would not conclude that plaintiff bears most of the blame for needlessly prolonging this litigation when the substantive FOIA claim had been rendered moot in April 2018. See *State News v Mich State Univ*, 481 Mich 692, 704 n 25; 753 NW2d 20 (2008) ("Of course, release of the requested public record by the public body would render the FOIA appeal moot because there would no longer be a controversy requiring judicial resolution."). With limited exceptions, "this Court does not address moot questions or declare legal principles that have no practical effect in a case." *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022) (cleaned up). Thus, "[t]he question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172,

_____

[1] To be clear, as with the majority, I offer no opinion on whether MCL 15.240(6) *requires* awarding reasonable attorney fees incurred post-disclosure while litigating a request for attorney fees.

178; 936 NW2d 863 (2019). And because mootness is a well-established limitation on a court's authority, it may be raised sua sponte by a court when a disputed claim has become moot. See *Paquin v St Ignace*, 504 Mich 124, 131 n 4; 934 NW2d 650 (2019); *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 255 n 12; 701 NW2d 144 (2005).

In my view, most of the blame lies with the courts, not plaintiff, for continuing to address the merits of a moot claim. In *Tooles I*, unpub op at 1, this Court remanded to the trial court with instructions to resolve "the parties' competing motions for summary disposition and [award] any further relief that may be warranted." Unsurprisingly, on remand, the parties renewed their motions for summary disposition (with defendant doing so first). Then, following this Court's directive, the trial court resolved these competing motions in defendant's favor. Plaintiff appealed from this final order, and neither party suggested in its brief in *Tooles II* that the claim involving Request 5 was moot. This Court could have raised mootness sua sponte but did not, instead addressing the merits and concluding that the trial court should have granted summary disposition for plaintiff on its claim involving Request 5. *Tooles II*, unpub op at 9. In short, this litigation has been unnecessarily prolonged for many reasons, but I am not persuaded that plaintiff bears the bulk of responsibility by continuing to litigate its claim after *Tooles I*.

I would vacate the attorney fee award and remand to the trial court to reconsider its ruling on the cutoff date, with the understanding that—at a minimum—awarding "fees for fees" falls within the discretion of the court.[2]

/s/ Kristina Robinson Garrett

---

[2] Putting aside the temporal scope of the award, I agree with the majority that the trial court did not abuse its discretion by determining that a 75% reduction in the amount of fees was warranted.