PRINS v MICHIGAN STATE POLICE

Docket No. 309803. Submitted February 5, 2013, at Grand Rapids. Decided March 5, 2013, at 9:05 a.m.

Nancy A. Prins filed an action in the Ionia Circuit Court against the Michigan State Police and David Fedewa, asserting that a violation of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, occurred when defendants denied her request for records regarding a traffic stop. The circuit court, Suzanne Hoseth-Kreeger, J., granted summary disposition in favor of defendants, and the Court of Appeals reversed and remanded for further proceedings. 291 Mich App 586 (2011). The Supreme Court originally granted defendant's application for leave to appeal, 489 Mich 979 (2011), but subsequently denied the application, 490 Mich 988 (2012). On remand, the circuit court granted plaintiff summary disposition, and awarded plaintiff attorney fees and punitive damages, but denied her request for compensatory damages. Plaintiff appealed.

The Court of Appeals *held*:

1. If a party prevails completely in an action to compel disclosure under the FOIA, MCL 15.240(6) requires the court to award reasonable attorneys' fees, costs, and disbursements to the plaintiff. The reasonableness of attorneys' fees awarded for a violation of the FOIA are calculated by considering the reasonableness factors articulated in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 506, 509-510 (1982), in conjunction with the reasonable attorneys' fees factors listed in Rule 1.5(a) of the Michigan Rules of Professional Conduct (MRPC). The court must first multiply the fee customarily charged in the locality for similar legal services with the reasonable number of hours expended in the case, before then considering the remaining *Wood* and MRPC factors to determine whether any adjustment is appropriate. The trial court must discuss on the record its view of the remaining factors to aid appellate review. If additional factors are considered, the court must justify the relevance and use of the new factor. The burden of proving the reasonableness of the requested rate is on the party seeking the fees. In this case, remand was necessary because the trial court failed to address the *Wood* and MRPC factors on the record when awarding attorneys' fees to plaintiff.

2. Because plaintiff failed to request costs in the circuit court, fails to identify her costs and expenses, and does not refer to any facts in the record illustrating that she incurred costs, she abandoned any challenge to the lack of such an award. In addition, plaintiff abandoned the issue of her request for compensatory damages because she provided no legal authority to support her claim that the FOIA violation entitled her to such damages for her distrust of the Michigan State Police.

Award of attorneys' fees vacated, the case remanded for reevaluation of attorneys' fees and the order affirmed in all other respects.

RECORDS — FREEDOM OF INFORMATION ACT — PREVAILING PLAINTIFFS — REASONABLE ATTORNEY FEES, COSTS, AND DISBURSEMENTS — REASONABLENESS FACTORS — CONSIDERATION OF ALL FACTORS ON THE RECORD.

If a party prevails completely in an action to compel disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, MCL 15.240(6) requires the court to award reasonable attorneys' fees, costs, and disbursements to the plaintiff; the reasonableness of attorneys' fees are calculated by considering the factors articulated in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 506, 509-510 (1982), in conjunction with the reasonable attorneys' fees factors listed in Rule 1.5(a) of the Michigan Rules of Professional Conduct (MRPC); the court must first multiply the fee customarily charged in the locality for similar legal services with the reasonable number of hours expended in the case, before then considering the remaining *Wood* and MRPC factors to determine whether any adjustment in the fees is appropriate; the trial court must discuss on the record its view of the remaining factors to aid appellate review or remand for consideration of the factors is required.

*Bruce A. Lincoln* for Nancy A. Prins.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A, Bandstra*, Chief Legal Counsel, *Michelle M. Brya*, Assistant Attorney General, for the Michigan State Police and David Fedewa.

Before: BECKERING, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM. In this cost, attorney-fee, and compensatory-damages dispute under the Freedom of

Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, Nancy Ann Prins, appeals as of right the circuit court's opinion and order granting plaintiff's motion for summary disposition, awarding plaintiff $12,250 in attorney fees and $500 in punitive damages, and denying plaintiff's request for compensatory damages. We vacate the circuit court's attorney-fee determination, remand for a reevaluation of that issue, and affirm the circuit court's order in all other respects.

I. FACTUAL BACKGROUND

This is the second time this case is before this Court. As set forth in this Court's prior opinion in *Prins v Mich State Police*, 291 Mich App 586, 587-588; 805 NW2d 619 (2011), the facts and procedural history leading up to the first appeal are as follows:

On May 4, 2008, Michigan State Police trooper James Yeager stopped a vehicle driven by plaintiff Nancy Prins. Trooper Yeager issued Prins's passenger, Jack Elliott, a citation for not wearing a seat belt. In a letter dated July 22, 2008, Prins submitted a FOIA request to the state police seeking, among other things, "[a]ny recording or other electronic media taken by Trooper James Yeager (officer no 987) on May 4th, 2008 between the hours of 10:00 am to 12:00 pm of me while traveling upon Morrison Lake Rd and Grand River Rd, within Boston Twp., Ionia County, Michigan." In a letter dated July 26, 2008, a Saturday, the state police denied Prins's request, explaining, "Any in car video that may have existed is no longer available. Only kept 30 days [and] reused." The envelope enclosing the letter to Prins bore a postmark of July 29, 2008, a Tuesday.

On October 29, 2008, Elliott appeared at a hearing to contest his seat belt citation, and the prosecutor produced the videotape depicting the May 4, 2008, traffic stop. On January 26, 2009, Prins filed in the Ionia Circuit Court a complaint seeking damages for defendants' violation of the FOIA. The state police moved for summary disposition on

the ground that the applicable period of limitation, MCL 15.240(1)(b), barred Prins's FOIA action. The state police asserted that the 180-day period began to run on July 26, 2008, the date the police authored the denial letter, and that Prins untimely filed her complaint 184 days later. Prins countered that the act of mailing the denial letter triggered the 180-day time limit, rendering her complaint timely. In a bench opinion, the circuit court granted defendants summary disposition.

In the first appeal, we addressed the issue of "whether the 180-day period of limitation begins to run when a public body writes a letter denying access to information, or when the public body places the denial letter in the mail." *Id.* at 587. On February 15, 2011, we issued an opinion, holding that "mailing triggers the running of the 180-day period of limitation." *Id.* We reversed the circuit court's order granting summary disposition in favor of defendants and remanded for further proceedings. *Id.* at 587, 591-592.

On June 29, 2011, the Michigan Supreme Court granted the Michigan State Police's application for leave to appeal. *Prins v Mich State Police*, 489 Mich 979; 799 NW2d 17 (2011). However, on January 25, 2012, our Supreme Court vacated that order and denied the application for leave to appeal because the Court no longer believed that the questions presented merited review. *Prins v Mich State Police*, 490 Mich 988; 807 NW2d 298 (2012).

On February 21, 2012, plaintiff moved the circuit court for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense), requesting a judgment in her favor, a finding that defendants' actions were arbitrary and capricious under MCL 15.240(7), and a hearing date to determine her damages. The circuit court held a hearing on March

15, 2012, to address plaintiff's motion. Defendants acknowledged that, in light of the appellate decisions, the issue before the court was "really the matter of damages." Plaintiff requested attorney fees for 104.73 hours worked at $385 per hour, $500 in punitive damages, and $7,500 in compensatory damages.[1] In response, defendants argued that plaintiff's attorney-fee request was excessive (particularly because counsel was only charging plaintiff $295 per hour), punitive damages were not warranted because the denial of plaintiff's FOIA request was not arbitrary and capricious, and plaintiff's request for compensatory damages was "without any real basis" and "unrelated to the matter before the Court." The circuit court indicated that it was inclined to grant plaintiff's motion for summary disposition and to award plaintiff reasonable attorney fees; the court explained that it would provide the parties with an opportunity to submit proofs regarding the amount of reasonable attorney fees at a later hearing. Plaintiff, however, requested that proofs be submitted during the instant hearing, to which defendants and the trial court agreed.

The court accepted as evidence plaintiff's retainer agreement, plaintiff's itemized bill, and excerpts from the State Bar of Michigan 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report. The court also heard testimony from plaintiff regarding her request for compensatory damages. Specifically, plaintiff testified that her husband was shot and killed by a Michigan State Police Trooper in 1998; however, the "official record" was that her husband committed suicide. Plaintiff explained that she made a FOIA request with the Michigan State Police to obtain "basically anything

---

[1] Later during the hearing, plaintiff stated that she "would accept" $2,500 in compensatory damages.

they had of any of the details of what happened." But the documents that she had received were "crossed out with a black marker" so that she "couldn't read everything," and the photographs provided were of such a poor quality that "you couldn't really see what the photographs were." As a result, plaintiff was disappointed and felt that the Michigan State Police lied to her. Plaintiff further testified that, as a result of the denial of her FOIA request in the present case, she feels as if the Michigan State Police "aren't included in your friends who are there to help you." Plaintiff felt that they are "deceptive and lying" and, therefore, that she should receive compensatory damages. The court advised the parties that it would take the matter under advisement to review the evidence and issue a written opinion.

The circuit court issued its opinion and order on April 2, 2012, granting plaintiff's motion for summary disposition. The court dismissed plaintiff's claims against defendant, David Fedewa, on the basis that Fedewa was not a public body. The court denied plaintiff's request for compensatory damages, explaining that there was no proof of a nexus between the death of plaintiff's husband and the FOIA request in this case. The court also stated that plaintiff had failed to present legal authority to award such damages. The court then concluded that plaintiff was entitled to $500 in punitive damages because the denial of her FOIA request was arbitrary and capricious. Finally, regarding attorney fees the Court stated, "This Court has reviewed the attorney fees requested by Defendant [sic] and determines without any disrespect to defense [sic] counsel's experience or expertise, that a reasonable attorney fee for representation at the trial and appellate court levels is $175 per hour at 70 hours or $12,250 . . . ."

II. ANALYSIS

A. COSTS

Plaintiff first argues that the trial court erred by holding that she was not entitled to the costs and expenses that she incurred in pursuing this action.

Section 10 of the FOIA, MCL 15.240(6), provides in part that, "[i]f a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements." Thus, if a plaintiff prevails completely in an action to compel disclosure under the FOIA, the circuit court must award reasonable attorney fees, costs, and disbursements to the plaintiff. *Thomas v City of New Baltimore*, 254 Mich App 196, 202; 657 NW2d 530 (2002); *Swickard v Wayne Co Med Examiner*, 196 Mich App 98, 101; 492 NW2d 497 (1992).

In this case, the circuit court did not conclude that plaintiff was not entitled to costs; rather, it did not address plaintiff's entitlement to costs at all. Plaintiff did not request costs when she moved the circuit court for summary disposition on February 21, 2012. She also did not request costs at the motion hearing on March 15, 2012, when she requested attorney fees, compensatory damages, and punitive damages. Although plaintiff now on appeal insists that the circuit court should have awarded her costs, she fails to identify her costs and expenses. And she does not refer to any facts in the record to illustrate that she incurred costs. Plaintiff may not merely announce her position and leave it to this Court to discover and rationalize the factual basis for her claims; plaintiff has abandoned this issue, and we decline to address it. See *Wilson v Taylor*, 457 Mich

232, 243; 577 NW2d 100 (1998); *Begin v Mich Bell Tel Co*, 284 Mich App 581, 590; 773 NW2d 271 (2009); *Mich Council of Trout Unlimited v Dep't of Military Affairs*, 213 Mich App 203, 222; 539 NW2d 745 (1995).

### B. ATTORNEY FEES

Plaintiff next argues that the circuit court erred by awarding attorney fees for 70 hours of work at a rate of $175 per hour when she requested fees for 104.73 hours of work at a rate of $385 per hour.

We review for an abuse of discretion an award of attorney fees to a prevailing plaintiff in an action under the FOIA. *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 647; 591 NW2d 393 (1998). We review a trial court's factual findings for clear error. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004).

As previously discussed, section 10 of the FOIA provides in part that, "[i]f a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements." MCL 15.240(6). Thus, if a plaintiff prevails completely in an action to compel disclosure under the FOIA, the circuit court must award reasonable attorney fees. *Thomas*, 254 Mich App at 202; *Swickard*, 196 Mich App at 101. "[T]he prevailing party's entitlement to an award of reasonable attorney fees . . . includes *all* such fees . . . related to achieving production of the public records." *Meredith Corp v Flint*, 256 Mich App 703, 715; 671 NW2d 101 (2003). "The amount of attorney fees awarded to a prevailing party under the FOIA is within the discretion of the trial court." *Yarbrough v Dep't of Corrections*, 199 Mich App 180, 186; 501 NW2d 207 (1993).

The touchstone in determining the amount of attorney fees to be awarded to a prevailing party in a FOIA case is *reasonableness*. See *Mich Tax Mgt Servs Co v City of Warren*, 437 Mich 506, 509-512; 473 NW2d 263 (1991). Our Supreme Court has held that although there is no precise formula to determine a reasonable fee, courts in FOIA cases should consider the following factors articulated in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 587-588; 321 NW2d 653 (1982): (1) the attorney's experience and professional standing; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the case's difficulty; (5) the expenses incurred; and (6) the length and nature of the professional relationship with the client. *Mich Tax Servs*, 437 Mich at 509-510. The Court explained that a reasonableness analysis is not limited to these factors and that a court need not detail its findings as to each factor considered. *Id.* at 510. Importantly, the Court emphasized that the circuit court's determination of a reasonable fee must be an independent determination. *Id.* at 511. "The court is not performing a review function limited to approval or disapproval of others' calculations regarding the amount of fees to be awarded." *Id.* at 511-512.

More recently, in *Smith v Khouri*, 481 Mich 519, 526-533; 751 NW2d 472 (2008), the Supreme Court addressed the *Wood* multifactor approach in the context of determining a reasonable attorney fee as case-evaluation sanctions and concluded that the current *Wood* analysis needed "some fine-tuning." The *Smith* Court held that trial courts should conduct a reasonableness analysis with an approach considering both the *Wood* factors and the reasonable attorney-fee factors listed in Rule 1.5(a) of the Michigan Rules of

Professional Conduct (MRPC).[2] *Smith,* 481 Mich at 528-533. The Court explained the approach as follows:

> We hold that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. We believe that having the trial court consider these two factors first will lead to greater consistency in awards. Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors.

---

[2] The *Smith* Court listed the factors found in Rule 1.5(a) as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [*Smith,* 481 Mich at 530, quoting MRPC 1.5(a).]

The reasonable hourly rate represents the fee customarily charged in the locality for similar legal services, which is reflected by the market rate for the attorney's work. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. We emphasize that the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. The fees customarily charged in the locality for similar legal services can be established by testimony or empirical data found in surveys and other reliable reports. But we caution that the fee applicant must present something more than anecdotal statements to establish the customary fee for the locality. Both the parties and the trial courts of this state should avail themselves of the most relevant available data. For example, as noted earlier, in this case defendant submitted an article from the Michigan Bar Journal regarding the economic status of attorneys in Michigan. By recognizing the importance of such data, we note that the State Bar of Michigan, as well as other private entities, can provide a valuable service by regularly publishing studies on the prevailing market rates for legal services in this state. We also note that the benefit of such studies would be magnified by more specific data relevant to variations in locality, experience, and practice area.

In considering the time and labor involved (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*) the court must determine the reasonable number of hours expended by each attorney. The fee applicant must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness. The fee applicant bears the burden of supporting its claimed hours with evidentiary support. If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence.

> Multiplying the reasonable hourly rate by the reasonable hours billed will produce a baseline figure. After these two calculations, the court should consider the other factors and determine whether they support an increase or decrease in the base number. [*Id.* at 530-533 (quotation marks and citations omitted).]

In addition to articulating this new approach, the *Smith* Court noted that, unlike the approach articulated in *Wood*, a "court should briefly address on the record its view of each of the factors" to aid appellate review. *Id.* at 529 n 14. The *Smith* Court also noted that, as in *Wood*, courts are not limited to the specific factors discussed; however, it emphasized that "[t]o the extent a trial court considers any factor not enumerated in *Wood* or MRPC 1.5(a), the court should expressly indicate this and justify the relevance and use of the new factor." *Id.* at 531 n 15.

Our Supreme Court subsequently issued an order reversing a decision of this Court in a FOIA case and remanded the case to the circuit court to determine the plaintiff's reasonable attorney fees pursuant to the factors set forth in *Smith*. *Coblentz v City of Novi*, 485 Mich 961; 774 NW2d 526 (2009). Accordingly, although *Smith* is not a FOIA case, it controls for purposes of determining reasonable attorney fees in FOIA cases, including plaintiff's reasonable attorney fees in this case. *Id.*

In this case, the circuit court took the attorney-fee issue under advisement at the conclusion of the March 15, 2012, hearing and then issued the following attorney-fee analysis in its opinion and order: "This Court has reviewed the attorney fees requested by Defendant [sic] and determines without any disrespect to defense [sic] counsel's experience or expertise, that a reasonable attorney fee for representation at the trial and appellate court levels is $175 per hour at 70 hours or $12,250 . . . ." Essentially, there is no attorney-fee analysis at all—let alone an analysis pursuant to *Smith*

—for this Court to conduct a meaningful review of the circuit court's attorney-fee determination. *Smith* explicitly requires trial courts to briefly address each of the *Smith* factors when reaching its decision to aid appellate review; the circuit court did not do so in this case. Therefore, we vacate the circuit court's April 2012 opinion and order with respect to attorney fees and remand this case to the circuit court to reevaluate the attorney-fee issue pursuant to *Smith*. See generally *id.* at 961 (remanding to the trial court for a redetermination of attorney fees pursuant to *Smith*).

### C. COMPENSATORY DAMAGES

Plaintiff's final argument is that the circuit court erred by not awarding compensatory damages under MCL 15.240(7) to compensate for her "healthy distrust" of the Michigan State Police.

As previously discussed, MCL 15.240(6) provides in part that, "[i]f a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements." MCL 15.240(7) in turn states:

> If the circuit court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall award, *in addition to any actual or compensatory damages*, punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function. [Emphasis added.]

The FOIA does not define "actual or compensatory damages," and neither this Court nor our Supreme Court have construed the term for purposes of MCL 15.240(6) and (7).

In this case, plaintiff essentially argues that she is entitled to be compensated for her distrust of the Michigan State Police simply because MCL 15.240(7) says "compensatory damages." Plaintiff does not provide this Court with any statutory-interpretation analysis for MCL 15.240(7) to support the proposition that the phrase "actual or compensatory damages" means something more than the "reasonable attorneys' fees, costs, and disbursements" provided for in MCL 15.240(6). Moreover, even assuming that the phrase "actual or compensatory damages" means something more than what is provided for in MCL 15.240(6), e.g., compensatory damages as understood for purposes of tort law, plaintiff provides this Court with no legal authority illustrating that such damages would include compensation for her distrust of the Michigan State Police. "A party may not leave it to this Court to search for authority to sustain or reject its position." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (quotation marks and citation omitted). Therefore, we conclude that this issue is abandoned. *Id*. Regardless, the trial court did not clearly err by finding that plaintiff failed to prove a nexus between the death of her husband and the FOIA request in this case.

We vacate the circuit court's attorney-fee determination, remand for a reevaluation of that issue consistent with this Court's opinion, and affirm the circuit court's order in all other respects. We do not retain jurisdiction.

BECKERING, P.J., and STEPHENS and BOONSTRA, JJ., concurred.