# STATE OF MICHIGAN

# COURT OF APPEALS

FREDERICK FRANZEL, JR., and SHIRLEY
FRANZEL,

UNPUBLISHED
October 28, 2014

Plaintiffs-Appellants,

v

No. 315600
Macomb Circuit Court
LC No. 2012-004425-CH

NATIONSTAR MORTGAGE, LLC, and FANNIE
MAE, a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

Defendants-Appellees.

Before: JANSEN, P.J., and SAAD and DONOFRIO, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendants in this quiet-title action. We affirm.

Plaintiffs argue that the trial court erred by granting defendants' motion for summary disposition because defendants failed to comply with the foreclosure-by-advertisement statute and loan-modification requirements in the underlying foreclosure action. We disagree.

Defendants' motion for summary disposition was based on MCR 2.116(C)(8) and (10). The trial court did not indicate under which subrule it granted defendants' motion for summary disposition. However, the court did consider material outside the pleadings. Thus, we review the trial court's decision as though it were based on MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). This Court will only consider "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham County Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). Summary disposition "is appropriate if there is no genuine issue of material fact and the moving party is entitled to

-1-

judgment as a matter of law." *Latham*, 480 Mich at 111. A genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the record " 'leave[s] open an issue upon which reasonable minds might differ.' " *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (citation omitted).

Plaintiffs' claims were based on their contention that defendants failed to comply with the foreclosure-by-advertisement requirements of the former MCL 600.3204(4), in part because they also failed to comply with the statutory requirements governing loan modifications set forth in the former MCL 600.3205c.[1] This argument is without merit.

The former MCL 600.3204(4) provided:

A party shall not commence proceedings under this chapter to foreclose a mortgage of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act . . . if 1 or more of the following apply:

(a) Notice has not been mailed to the mortgagor as required by section 3205a.

(b) After a notice is mailed to the mortgagor under section 3205a, the time has not expired for the mortgagor to request, either directly or through a housing counselor, a meeting under section 3205b with the person designated under section 3205a(1)(c).

(c) Within 30 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) and 90 days have not passed after the notice was mailed. This subdivision does not apply if the mortgagor has failed to provide documents as required under section 3205b(2).

(d) Documents have been requested under section 3205b(2) and the time for producing the documents has not expired.

(e) The mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c), the mortgagor has provided documents as required under section 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.

(f) The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement.

---

[1] The former MCL 600.3205a through MCL 600.3205d have been repealed, effective June 30, 2013. See former MCL 600.3205e, 2012 PA 521.

(g) Calculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7).

In turn, the former MCL 600.3205c(1), which was referenced in the former MCL 600.3204(4)(g), provided:

(1) If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification. Unless the loan is described in subsection (2) or (3), in making the determination under this subsection, the person designated under section 3205a(1)(c) shall use a loan modification program or process that includes all of the following features:

(a) The loan modification program or process targets a ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less, on an aggregate basis. Housing-related debt under this subdivision includes mortgage principal and interest, property taxes, insurance, and homeowner's fees.

(b) To reach the 38% target specified in subdivision (a), 1 or more of the following features

(*i*) An interest rate reduction, as needed, subject to a floor of 3%, for a fixed term of at least 5 years.

(*ii*) An extension of the amortization period for the loan term, to 40 years or less from the date of the loan modification.

(*iii*) Deferral of some portion of the amount of the unpaid principal balance of 30% or less, until maturity, refinancing of the loan, or sale of the property.

For clarity, "the person designated under MCL 600.3205a(1)(c)" was a housing counselor with the authority to make loan modification agreements on behalf of Nationstar.

The former MCL 600.3205b required the borrower to contact the mortgage company if the borrower "wishes to participate in negotiations to attempt to work out a modification of a mortgage loan . . . ." Thus, if negotiations between the borrower and mortgage company to modify the loan under MCL 600.3205b were unsuccessful, MCL 600.3205c was triggered and the housing counselor was required to work with the borrower to determine if the borrower qualified for a loan modification program, such as the Home Affordable Modification Program ("HAMP").

Plaintiffs contended that they were eligible for a loan modification, and thus, defendants improperly proceeded with the foreclosure. In particular, plaintiffs argue that defendants failed to provide their calculations concerning plaintiffs' eligibility for a loan modification.

The former MCL 600.3204(4) did not require defendants to provide plaintiffs with these calculations. However, the former MCL 600.3205c(5) provided:

> Before 90 days after the notice required under section 3205a(1) is sent or 10 days after the meeting between the borrower and the person designated under section 3205a(1)(c), whichever is later, the person designated under section 3205a(1)(c) *shall provide the borrower* with both of the following:
>
> (a) *A copy of any calculations* made by the person under this section.
>
> (b) If requested by the borrower, a copy of the program, process, or guidelines under which the determination under subsection (1) was made. [Emphasis added.]

While it is true that this provision required defendants to provide any calculations that were made, the statute did not actually require defendants to perform any calculations.

Regardless, even if the statute did require defendants to perform calculations and to provide the resulting figures to plaintiffs, plaintiffs cannot show that they were prejudiced by defendants' omission because any calculations would have established that plaintiffs were not eligible for a permanent HAMP modification. Indeed, Nationstar did send plaintiffs a letter stating that they were eligible for an alternative modification "designed for borrowers . . . who for some reason did not meet all of the eligibility criteria for a permanent modification under the government's Home Affordable Modification Program . . . ." Thus, plaintiffs were on notice that they were ineligible for a permanent HAMP modification, irrespective of whether they actually received the results of defendants' calculations.

Once plaintiffs failed to return the signed loan modification agreement within 14 days, defendants properly proceeded with foreclosure by advertisement. See former MCL 600.3205c(7)(b). Pursuant to MCL 600.3205c(7), plaintiffs were required to return the modification documents within 14 days of receipt. Plaintiffs received the agreement on October 3, 2011, which gave them until October 17, 2011,[2] to return the signed agreement. On January 4, 2012, nearly three months after plaintiffs received the agreement, defendants sent notice that, due to plaintiffs' failure to sign and return the loan modification documents, the foreclosure process would continue. Plaintiffs' failure to return the signed agreement allowed defendants to proceed with the foreclosure by advertisement. See former MCL 600.3205c(7)(b).

---

[2] Defendants contended that October 9, 2011, was the date the signed agreement was to be returned. However, the 14-day time period prescribed by the former MCL 600.3205c(7)(b), would have required the signed agreement to be returned by October 17, 2011, which was 14 days after plaintiffs received the agreement. At any rate, this date discrepancy is irrelevant to our resolution of the issues because defendants did not proceed with the foreclosure by advertisement until January 4, 2012, well after the date on which plaintiffs should have returned the signed agreement.

Plaintiffs argue that they effectively accepted defendants' loan modification agreement by continuing to make payments under the agreement. We cannot agree. In order for a valid contract to be created, "there must be an offer and acceptance." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). The acceptance must be unambiguous and "in strict conformance with the offer." *Id*. The loan modification agreement specifically stated that, in order for plaintiffs to "qualify for an alternative modification," they must "completely fill out, sign and return the [Loan Modification Agreement] in the enclosed envelope so that it will be received by Nationstar mortgage no later than October 9, 2011." The agreement explicitly stated that acceptance was to be in the form of signing and returning the agreement. Plaintiffs did not properly accept the loan modification agreement because they failed to accept "in strict conformance with the offer." as set forth in the loan modification agreement. See *id*.

Plaintiffs have failed to articulate any further arguments that could render the foreclosure invalid. We conclude that defendants properly proceeded with foreclosure by advertisement after plaintiffs failed to return the loan modification agreement. There was no genuine issue of material fact concerning whether the foreclosure proceeding was proper, and defendants were entitled to judgment as a matter of law. MCL 2.116(C)(10). The trial court did not err by granting summary disposition for defendants.

Plaintiffs also suggest, without elaboration, that the trial court abused its discretion by denying their motion for reconsideration. We disagree. We review for an abuse of discretion the trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

Plaintiffs fail to articulate any arguments in their brief on appeal regarding their motion for reconsideration, despite the inclusion of this issue in their statement of the questions presented. Thus, this argument is abandoned. See *Prins v Mich State Police*, 299 Mich App 634, 647; 831 NW2d 867 (2013). In any event, plaintiffs cannot show that the trial court abused its discretion by denying their motion for reconsideration. Plaintiffs failed to present any new evidence in support of their motion that was not already presented to the trial court. MCR 2.119(F)(3); *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). The motion for reconsideration was properly denied.

Affirmed. Defendants, having prevailed on appeal, may tax their costs pursuant to MCR 7.219.

/s/ Kathleen Jansen
/s/ Henry William Saad
/s/ Pat M. Donofrio