*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN SINES,

      Plaintiff-Appellee,

v

MELISSA SINES,

      Defendant-Appellant.

UNPUBLISHED
March 30, 2023

No. 362529
Oakland Circuit Court
LC No. 2017-849166-DM

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Defendant, Melissa Sines, appeals as of right the trial court's April 29, 2022 order, which denied defendant's motion to grant her joint legal custody of the minor children she shares with plaintiff, Ryan Sines, who has sole legal and physical custody of the children under an April 5, 2017 judgment. The April 29, 2022 order also awarded plaintiff $1,250 in attorney fees. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties, who married in 2008, share three children: JRBS, FBS, and JRS. Defendant, who has a history of alcohol abuse, began demonstrating increasingly concerning behavior in November 2016. In January 2017, plaintiff petitioned for divorce and for sole custody of the children, alleging defendant was unable to effectively parent the children because of her alcoholism. Defendant, who entered inpatient treatment in March 2017, failed to file an answer. A default was entered, and a default judgment was entered on April 5, 2017, over defendant's objections. The April 5, 2017 judgment awarded plaintiff sole legal and physical custody of the children. Defendant's parenting time was suspended. After defendant was released from inpatient treatment, she struggled with maintaining her sobriety. However, defendant began to demonstrate consistent improvement in June 2018, and she was ultimately permitted to have unsupervised parenting time with the children.

In October 2019, defendant moved for a change of custody, but the motion was denied because defendant failed to establish proper cause or a change of circumstances. Defendant continuously requested increased parenting time, and plaintiff opposed defendant's requests. In

July 2020, the trial court appointed a guardian ad litem (GAL) to investigate and make a recommendation. The GAL recommended the children and the parties attend therapy with Dr. Tracey Stulberg, and the parties ultimately stipulated to this recommendation. The parties also stipulated to defendant being granted additional parenting time and agreed to certain parameters concerning the children's extracurricular and sport activities, which was memorialized in a stipulated order. At the end of November 2021, plaintiff unilaterally cancelled all future therapy sessions with Dr. Stulberg, and the parties continued to have disputes over parenting time and plaintiff's decisions concerning the children's mental health treatment.

In April 2022, defendant moved the trial court to grant joint legal custody. Defendant argued plaintiff consistently sought to alienate the children from her despite her continued sobriety. Defendant also argued plaintiff failed to attend to the children's mental health needs, which further contributed to the children's alienation from her, and had unilaterally changed the children's schools. Defendant requested the trial court hold an evidentiary hearing. Plaintiff opposed the motion, arguing defendant could not establish proper cause or a change of circumstances. Plaintiff requested sanctions, arguing defendant's motion contained arguments that had already been addressed by the trial court and were set to be addressed at a May 2, 2022 evidentiary hearing concerning parenting time before a Friend of the Court referee. The trial court heard oral arguments on April 27, 2022. On April 29, 2022, the trial court denied defendant's motion and granted plaintiff $1,250 in attorney fees. This appeal followed.

## II. DENIAL OF DEFENDANT'S MOTION TO CHANGE CUSTODY

Defendant argues the trial court improperly denied her motion to grant joint legal custody of the children. We disagree.

### A. STANDARDS OF REVIEW

In custody cases, we apply three standards of review. *Merecki v Merecki*, 336 Mich App 639, 644; 971 NW2d 659 (2021).

> The great weight of the evidence standard applies to all findings of fact. In a child custody dispute, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. Specifically, [this Court] review[s] under the great-weight-of-the-evidence standard the trial court's determination whether a party demonstrated proper cause or a change of circumstances. A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. An abuse of discretion, for purposes of a child custody determination, exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. Questions of law are reviewed for clear legal error. A trial court commits legal error when it incorrectly chooses, interprets or applies the law. [*Id.* at 644-645 (quotation marks and citations omitted).]

## B. ANALYSIS

A "child custody dispute" means "any matter that relates to the custody of a child from the time the issue of custody arises until the child reaches the age of majority." *Phillips v Jordan*, 241 Mich App 17, 22 n 1; 614 NW2d 183 (2000). "The purposes of the Child Custody Act, MCL 722.21 *et seq*., are to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Merecki*, 336 Mich App at 645 (quotation marks and citation omitted). "[T]he Child Custody Act draws a distinction between physical custody and legal custody. . . ." *Id*. at 647. "[T]he Legislature divided the concept of custody into two categories—custody in the sense of the child residing with a parent and custody in the sense of a parent having decision-making authority regarding the welfare of the child." *In re AJR*, 496 Mich 346, 361; 852 NW2d 760 (2014), superseded in part by statute as stated *In re AGD*, 327 Mich App 332, 342; 933 NW2d 751 (2019). "Physical custody pertains to where the child shall physically reside, whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 511, 835 NW2d 363 (2013) (quotation marks omitted).

"As set forth in MCL 722.27(1)(c), when seeking to modify a custody . . . order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The threshold showing of proper cause or a change of circumstances must be established by a preponderance of the evidence. *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003). If the moving party advances a change-of-circumstances theory, he or she "must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. To establish proper cause, the moving party must demonstrate the existence of an appropriate ground for legal action to be taken by the trial court relevant to at least one of the statutory best-interest factors. *Dailey v Kloenhamer*, 291 Mich App 660, 665; 811 NW2d 501 (2011). But "not just *any* fact relevant to the twelve factors will constitute sufficient cause. Rather, the grounds presented must be 'legally sufficient,' i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper." *Vodvarka*, 259 Mich App at 512. Consideration is generally limited to events occurring after entry of the most recent custody order. *Id*. at 501.

Defendant first argues the trial court improperly failed to consider the events that occurred after the entry of the April 5, 2017 default judgment of divorce, which was the original order that established custody. According to defendant, the trial court only considered the events that followed the October 16, 2019 order that denied defendant's first motion to change custody. Assuming without deciding that defendant is correct, we conclude the trial court's error was harmless because, for the reasons discussed below, there had not been a significant change of circumstances since entry of the April 5, 2017 judgment, and defendant failed to establish proper cause. See MCR 2.613(A).

The conditions surrounding custody of the children, which have or could have a significant effect on the children's well-being, did not materially change between April 2017 and April 2022. See *Merecki*, 336 Mich App at 646. From November 2016 through January 2017, defendant was

grossly intoxicated in the presence of the children on numerous occasions. This led to defendant being ordered to leave the marital home. Although defendant entered inpatient treatment, she struggled to maintain sobriety, which continued to have an impact on her relationship with the children.

Beginning in June 2018, defendant began to consistently demonstrate sobriety, which is relevant under best-interest factor MCL 722.23(g) (the mental and physical health of the parties involved). Defendant was eventually permitted to have unsupervised parenting time with the children. Despite defendant's sobriety, the record supports that the children's relationship with her remained strained.

Defendant blames plaintiff for the lack of progress in the children's relationship with her, arguing plaintiff removed FBS from therapy with Elyse Symons and removed the children from therapy with Dr. Stulberg in violation of the trial court's orders. Defendant also argues plaintiff failed to place the children in individual therapy for a majority of the proceedings, despite professional recommendations that plaintiff do so. Defendant argues plaintiff's conduct is relevant to best-interest factors (c) (capacity and disposition of the parties involved to provide the children with medical care or other remedial care), and (j) (willingness to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents). However, the record supports that the two older children were resistant to therapy that was designed to assist them with reunifying with defendant, and JRBS consistently demonstrated hostility to defendant. At the time of the April 27, 2022 hearing, plaintiff had not seen FBS since early February 2022, because FBS had engaged in self-harm, been diagnosed with post-traumatic stress disorder and anxiety, and was exhibiting anxiety around parenting time. The GAL recommended defendant's parenting time be suspended so FBS could receive mental health treatment. While JRS appears to have a better relationship with defendant, JRS was 2½ years old when the default judgment of divorce was entered. JRS was bonded with plaintiff, who had consistently cared for her. In sum, defendant's relationship with the children had not materially changed between April 2017 and April 2022, and defendant's attempts to blame this on plaintiff's failure to keep the children in therapy throughout the pendency of the proceeding is not persuasive. The record evidence supports defendant's strained relationship with the children was likely caused by her actions.

Next, defendant argues plaintiff alienated her from the children by reducing her parenting time, which is relevant to best-interest factor (j). Specifically, according to defendant, plaintiff scheduled the children's extracurricular activities during her parenting time. However, as noted by the GAL and the trial court, defendant stipulated to this arrangement. Specifically, the parties agreed the children were required to attend extracurricular and sport activities during the parties' parenting time, unless there was an emergency or illness. The parties were required to ensure the children were "timely transported to any extra-curricular and/or sport activities that [were] scheduled during his or her parenting time." The parties were not required to provide notice to the other party before registering the children for "any new/additional extra-curricular activities or sports activities," unless the party sought "reimbursement from the other parent. . . ." Thus, defendant stipulated to the terms she alleged supported parental alienation.

Defendant further argues plaintiff unilaterally changed the children's schools in the middle of the school year, which is relevant to best-interest factor (h) (the home, school, and community

-4-

record of the child). However, this amounts to a normal life change. Defendant does not allege the change in schools significantly and negatively affected the children's lives, i.e., their performance in school, ability to participate in extracurricular activities, or social lives. While defendant complains plaintiff failed to consult her, as noted by the trial court, plaintiff was not required to do so because he was the sole legal custodian. See *Grange Ins Co of Mich*, 494 Mich at 511 ("legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare") (quotation marks omitted).

In sum, defendant failed to establish proper cause or a change of circumstances, and any error on the part of the trial court was harmless. We recognize that defendant has made great strides in her sobriety. But the Child Custody Act requires courts to focus on the *children* " 'to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes.' " *Lieberman*, 319 Mich App at 78, quoting *Pierron v Pierron*, 282 Mich App 222, 243; 765 NW2d 345 (2009). Despite defendant's sobriety, the record supports that her relationship with the children remains strained. Given the parties' contentious relationship, revisiting the custody order at this time would likely have a significant negative effect on the children's well-being. Cf. *Dailey v Kloenhamer*, 291 Mich App 660, 666-671; 811 NW2d 501 (2011) (finding change of circumstances or proper cause existed to revisit the joint legal custody order because of the parties' "escalated and expanded" disagreements that "could have a significant effect on the child's well-being" and affirming the trial court's grant of sole legal custody to the father).

## III. EVIDENTIARY HEARING

Defendant next argues the trial court abused its discretion by declining to hold an evidentiary hearing on the issue of whether proper cause or a change of circumstances existed. We disagree.

## A. STANDARD OF REVIEW

We review a trial court's decision regarding the necessity of an evidentiary hearing for an abuse of discretion. *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995). "A trial court abuses its discretion when its decision falls outside the range of principled and reasonable outcomes." *Crego v Edward W Sparrow Hosp Ass'n*, 327 Mich App 525, 531; 937 NW2d 380 (2019).

## B. ANALYSIS

As already stated, "[a]s set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman*, 319 Mich App at 81. The threshold showing of proper cause or a change of circumstances must be established by a preponderance of the evidence. *Vodvarka*, 259 Mich App at 509. "[A] proper cause or change in circumstance is a significant circumstance regarding one or more of the best-interest factors that has the potential for a significant effect on the well-being of the child or children whose custody is at issue." *Merecki*, 336 Mich App at 646 (footnote omitted).

In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion. [MCR 3.210(C)(8).]

"Often times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Vodvarka*, 259 Mich App at 512.

Contrary to defendant's arguments on appeal, the facts concerning the children's mental health treatment were not in dispute. Plaintiff agreed he did not place the children in individual therapy for a period of time and cancelled appointments with Dr. Stulberg after November 2021. The dispute is whether this was a proper course of action. According to defendant, the children required therapy so her relationship with them could progress. In contrast, plaintiff asserted for portions of the proceeding the children did not require individual therapy. In February 2022, plaintiff sought individual therapy for FBS, however, as a result of her mental health issues and self-harm. As noted by the trial court, as the sole legal custodian, plaintiff was entitled to make medical and therapeutic decisions on the children's behalf. See *Grange Ins Co of Mich*, 494 Mich at 511 ("legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare") (quotation marks omitted). We agree with the trial court that defendant's disagreement with plaintiff's decisions alone does not support proper cause or change of circumstances. The trial court did not abuse its discretion by declining to hold an evidentiary hearing because the trial court was able to reach an informed decision on the existing record.

## IV. ATTORNEY FEES

Defendant argues the trial court improperly sanctioned her by ordering her to pay plaintiff $1,250 in attorney fees. While we disagree the trial court abused its discretion, we nonetheless conclude it is proper to remand the matter so the trial court can make the necessary findings of fact under the framework outlined in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008).

### A. STANDARDS OF REVIEW

We review a trial court's exercise of its inherent authority for an abuse of discretion. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). "This Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees and a determination of the reasonableness of those fees. The trial court's underlying factual findings are reviewed for clear error, while any underlying questions of law are reviewed de novo." *Ayotte v Dep't of Health and Human Servs*, 337 Mich App 29, 38; 972 NW2d 282 (2021). "A trial court abuses its discretion when its decision falls outside the range of principled and reasonable outcomes." *Crego*, 327 Mich App at 531. "This Court reviews for clear error a trial court's factual findings underlying its fee award, including a finding that a claim or a defense was frivolous. A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 145-146; 946 NW2d 812 (2019) (quotation marks and citations omitted).

B. ANALYSIS

The trial court ordered defendant to pay plaintiff $1,250 in attorney fees. The trial court did not specify under what authority it was granting attorney fees. "Michigan follows the 'American rule' with respect to the payment of attorney fees and costs." *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Id*. at 707. However, a court's inherent authority to sanction litigants "constitutes an exception to the general rule" that attorney fees are not generally recoverable. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999).

In *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006), our Supreme Court "affirm[ed] the authority of trial courts to impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice." The *Maldonado* Court stated:

> We reiterate that trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action. This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [*Id*. at 376 (citations omitted).]

While the trial court did not specify under what authority it was granting attorney fees, plaintiff argued sanctions were warranted under MCR 1.109(E)(5)(c), (E)(6), and (E)(7). At the April 27, 2022 hearing, plaintiff requested sanctions, noting defendant's motion to change custody amounted to "continued gripes" and was intended to increase the cost of litigation. The trial court agreed defendant's April 2022 custody motion was "baseless," "frivolous," and raised arguments that had already been addressed or were set to be addressed at the May 2, 2022 evidentiary hearing. The trial court stated: "[A]t some point enough is enough." The trial court ordered defendant to pay $1,250 in attorney fees. To the extent the trial court granted sanctions under MCR 1.109(E), it states:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the

person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) *Sanctions for Frivolous Claims and Defenses*. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2).

Accordingly, a trial court is required to impose sanctions if it finds that a document was not "well grounded in fact and . . . warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." See *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013) (the use of the word "shall" denotes mandatory action).[1]

As already discussed above, defendant failed to establish proper cause or a change in circumstances. Additionally, defendant was aware of the trial court's position that, as sole legal custodian, plaintiff was permitted to unilaterally make decisions regarding the children. The trial court made this clear at hearings that preceded the April 27, 2022 hearing. While defendant is correct a motion is not frivolous or baseless merely because the trial court disagrees with the moving party's position, see *Kaeb v Kaeb*, 309 Mich App 556, 573; 873 NW2d 319 (2015), as noted by the trial court, the April 2022 custody motion "raised matters repeatedly addressed by the Court in recent months." The motion also raised arguments that were set to be addressed at the May 2, 2022 evidentiary hearing concerning parenting time and raised arguments concerning extracurricular and sport activities despite defendant previously agreeing to that very procedure. The trial court did not abuse its discretion by concluding it was proper to sanction defendant, regardless of whether this decision was made under MCR 1.109(E)(5) and (6), or in accordance with the trial court's inherent authority.

With respect to the amount of attorney fees awarded, the trial court ordered defendant to pay plaintiff $1,250 in attorney fees. The framework set forth by our Supreme Court in *Khouri* is the standard for determining the reasonableness of requested attorney fees. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 278-279; 884 NW2d 257 (2016). Under the *Khouri* framework, the trial court begins its analysis by "determining the fee customarily charged in the locality for similar legal services" based on "reliable surveys or other credible evidence of the legal market." *Khouri*, 481 Mich at 530-531 (quotation marks and citations omitted). Next, "[t]his number should be multiplied by the reasonable number of hours expended in the case. . . ." *Id*. at 531. "The number produced by this calculation should serve as the starting point for calculating a reasonable attorney

---

[1] We acknowledge, in the event a trial court finds a party's "claim or defense" is frivolous, the trial court is permitted to sanction the party under MCR 2.625(A)(2). Under MCR 2.625(A)(2), "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." In this case, however, the trial court did not find defendant's "civil action or defense to a civil action was frivolous." See MCL 600.2591(1). Rather, the trial court found defendant's April 2022 motion to change custody was frivolous. Thus, MCL 600.2591 does not apply.

fee." *Id*. Finally, the trial court should consider the following list of nonexhaustive factors to determine whether an upward or downward adjustment of attorney fees is appropriate:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.  [*Pirgu*, 499 Mich at 281-282.]

"In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*. at 282.

In this case, the trial court stated the following after awarding plaintiff $1,250 in attorney fees:

> The Court finds the award in an amount to be reasonable without the need for in-depth analysis but relies on [plaintiff's] counsel's years in practice, reputation in the local legal community, success in defending against the motion, for fact the Court finds the motion baseless, and upon a consideration of the factors as set forth in *Smith v Khouri*, 481 Mich 519 (2008), and clarified by *Pirgu v United Servs Auto Ass'n*, 499 Mich 269 (2016).  [Emphasis added.]

While the trial court acknowledged its duties under the *Khouri* framework, the trial court did not explain or rationalize its decision to award $1,250 in its April 29, 2022 order, or on the record. Because the trial court failed to make findings of fact on the issue of attorney fees, we vacate the portion of the April 29, 2022 order granting attorney fees and remand this matter to permit the trial court to make the necessary findings of fact.  On remand, the trial court must follow the *Khouri* framework outlined above and explain the rationale for its decision.  See *Prins v Mich State Police*, 299 Mich App 634, 645-646; 831 NW2d 867 (2013) (vacating an order granting attorney fees and remanding the matter to the trial court where "there [was] no attorney-fee analysis at all" in the trial court's order).

## V. CONCLUSION

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood