*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CALEB RUMPEL,

        Plaintiff-Appellant,

v

SAGINAW TOWNSHIP COMMUNITY SCHOOLS
and TONY SKOWRONSKI,

        Defendants-Appellees.

UNPUBLISHED
November 30, 2023

No. 364378
Saginaw Circuit Court
LC No. 21-045861-CZ

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

Plaintiff requested Saginaw Township School Board meeting minutes and documents from defendants under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*, and he sued defendants when his request was not completed within the statutorily defined time. The trial court granted partial summary disposition to plaintiff and partial summary disposition to defendants. We affirm.

Tony Skowronski is the FOIA coordinator for the Saginaw Township Community School district, and plaintiff emailed him on October 20, 2021, to request "The Board packet information regarding the gender identity and sexual orientation issue for the meeting when the policy was adopted," and a "copy of the nondiscrimination policy that existed immediately before the policy including gender identity and sexual orientation was adopted" as well as "a copy of the Board minutes where that prior policy was adopted." On October 29, 2021, Skowronski responded that defendants were "extending the deadline to respond until November 4, in order to ascertain what this entails." Skowronski later told plaintiff that he would be advised of any costs associated with his request on November 4, 2021, and Skowronski attached a "Board Report" to the email.

On November 4, 2021, Skowronski sent a one-sentence email to plaintiff that stated that the district would provide plaintiff the information that he requested by November 19, 2021. Plaintiff then sued defendants for a violation of FOIA, the disclosure of the requested materials, and attorney fees. Defendants then emailed plaintiff the individual documents that were relevant to his FOIA request on November 15, 2021, and plaintiff amended his complaint to allege that

defendants had not provided a copy of the policy that existed immediately before the amendment as well as the "Board packet information" regarding the issue that was adopted.

Defendants provided plaintiff with a copy of the previous policy as well as a copy of the Board minutes and a copy of the "Board packet information," and moved for summary disposition under MCR 2.116(C)(8) and (10). Plaintiff responded by moving for summary disposition under MCR 2.116(I)(2), and he specifically argued that defendants were required by FOIA to disclose the documents by October 28, 2021, and that the trial court should compel defendants to certify that no documents existed regarding the "Board packet information" because the "Board packet information" that defendants disclosed did not contain information about gender identity or sexual orientation.

The trial court granted plaintiff partial summary disposition because defendants had failed to respond to plaintiff's initial FOIA request within the statutorily prescribed time and, thus, the trial court found that defendants had violated FOIA. The trial court granted defendants summary disposition on all other claims, however, because plaintiff had not identified any public records that had not already been produced, plaintiff's claim for damages under MCL 15.240(7) was precluded by law because no court order requiring their disclosure existed, Skowronski testified during his deposition that the error in attempting to extend the deadline to respond to plaintiff's FOIA request was because Skowronski had a misunderstanding of the law and there was no evidence of any purported bad-faith or willful violation, and plaintiff was not entitled to attorney fees because he did not prevail in full and the circumstances did not warrant an award.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). When, as here, the trial court grants a motion for summary disposition brought under both MCR 2.116(C)(8) and (C)(10), and it is clear that the trial court looked beyond the pleadings, this Court "will treat the motions as having been granted pursuant to MCR 2.116(C)(10)." *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Plaintiff first argues that the trial court erred in holding that defendants were not required to certify that the requested "Board packet information" did not exist under MCL 15.235(5)(b), which states in relevant part:

> A written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request. The written notice must contain:
>
> * * *
>
> (b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request. [MCL 15.235(5)(b).]

-2-

Plaintiff contends that defendants did not disclose any board packets mentioning the information that he requested. Plaintiff ignores, however, that he requested "Board packet information regarding the gender identity and sexual orientation issue for the meeting when the policy was adopted," and the "Board packet information" from that meeting was disclosed to plaintiff by defendants. Even though the "Board packet information" disclosed to plaintiff did not mention the words "sexual orientation" or "gender identity," that content was not relevant to plaintiff's request for the "Board packet information" from the specified meeting. Moreover, because the requested record did exist and was produced, there is no basis to compel defendants to certify that the record did not exist.

Next plaintiff argues that the trial court erred by dismissing his claims for punitive damages and civil fines. Plaintiff moved for punitive damages under MCL 15.240(7), which states:

> If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

When viewing FOIA as a whole, however, this Court has held that for a plaintiff to recover punitive damages, the trial court must have ordered disclosure of the public record. *Local Area Watch v Grand Rapids*, 262 Mich App 136, 152-153; 683 NW2d 745 (2004). The trial court did not order defendants to disclose any documents and, thus, there is no basis for plaintiff to recover punitive damages.

Plaintiff moved for civil fines under MCL 15.240b, which states in full:

> If the court determines, in an action commenced under this act, that a public body willfully and intentionally failed to comply with this act or otherwise acted in bad faith, the court shall order the public body to pay, in addition to any other award or sanction, a civil fine of not less than $2,500.00 or more than $7,500.00 for each occurrence. In determining the amount of the civil fine, the court shall consider the budget of the public body and whether the public body has previously been assessed penalties for violations of this act. The civil fine shall be deposited in the general fund of the state treasury.

Even though the trial court held that defendants violated FOIA by failing to respond within the statutorily defined time, the trial court also held that there was no evidence that the violation was done in bad faith or was willful and intentional. Plaintiff argues that defendants admitted a purposeful violation of FOIA. No evidence was presented to substantiate that defendants' violation of FOIA was anything but an honest mistake based on a good-faith belief in what Skowronski thought the law permitted.

Lastly, plaintiff argues that the trial court erred by denying him attorney fees. This Court reviews a court's decision whether to award attorney fees under FOIA for an abuse of discretion. *Prins v Mich State Police*, 299 Mich App 634, 641; 831 NW2d 867 (2013). A trial court abuses its discretion when it selects an outcome falling outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCL 15.240(6) governs a plaintiff's recovery of attorney fees under FOIA and provides:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

Because plaintiff only prevailed in part, the grant of attorney fees was "entrusted to the sound discretion of the trial court." *Local Area Watch*, 262 Mich App at 151. The trial court did not award plaintiff attorney fees because it found that defendants agreed to produce the requested records before the suit was filed, and defendants had provided extensive efforts to grant plaintiff access to the requested information without judicial intervention. Accordingly, given the trial court's findings, its decision not to award attorney fees was reasonable and was not outside the range of principled outcomes because plaintiff did not show that he was required to incur attorney fees to gain access to the documents.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle
/s/ Christopher P. Yates