# STATE OF MICHIGAN

# COURT OF APPEALS

RODD MONTS,

       Plaintiff-Appellant,

v

DETROIT PUBLIC SCHOOL DISTRICT,

       Defendant-Appellee.

UNPUBLISHED
January 5, 2016

No. 321790
Wayne Circuit Court
LC No. 13-011037-CZ

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent. I disagree that the Detroit Public School District (DPS) undertook an improperly "rigid, mechanical approach" to plaintiff's request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*. A public body, in response to a FOIA request, should disregard technicalities, forego pettifoggery, and generally exercise basic common sense in determining the gravamen of what information the requesting party seeks. However, I believe that public bodies are entitled to presume that the requesting party has actually articulated and actually understands what information is being sought; perhaps clumsily but fairly accurately and minimally competently. I believe that public bodies need not disregard basic English and guess at anything a person who makes a request might conceivably have meant. I appreciate that DPS's terse initial denial was extremely unhelpful and was a shoddy practice, but I cannot accept the majority's conclusion that DPS's reading of plaintiff's FOIA request was "hyper-technical" or otherwise improper. I would affirm.

As the majority sets forth, plaintiff Rodd Monts, on behalf of the American Civil Liberties Union of Michigan (ACLU), sent a written FOIA request to defendant Detroit Public School District (DPS). In relevant part, plaintiff included requests for "records retained in DPS forms 4549, Forms A-N and all other locations" detailing "student discipline matters" that had been "referred by school officials" to law enforcement agencies, "categorized by: school, grade, incident date, race or ethnicity of the student, and incident type." After several delays that the

-1-

majority sets forth in more detail but are not at issue in the instant appeal,[1] defendant sent documents regarding some requests not at issue in this appeal and denied the two requests that are at issue, stating "the requested information did not exist.[2]" Plaintiff pursued an administrative appeal of the partial denial, in response to which defendant maintained that the requested information did not exist.

Plaintiff commenced the instant litigation, after which defendant provided plaintiff with a list, obtained from the Department of Public Safety, enumerating alleged offenses that occurred within the 2010/2011, 2011/2012, and 2012/2013 school years. Defendant contended that the document of alleged offenses "contain[s] the name of the school where the alleged offense occurred, the date and type of the alleged offense, and the suspect's race and age." The letter describing this document specifically stated that the alleged offenses did not necessarily mean that the student was disciplined. Defendant continued to maintain that the information plaintiff requested regarding student discipline matters that have been referred to a police department did not exist because defendant did not refer student disciplinary matters to any law enforcement agency and vice versa. Plaintiff contended that the list was the information he had been seeking from the outset, and because defendant only provided it in response to commencing litigation, he was entitled to attorney costs, fees, awards, and punitive damages.

The trial court determined that plaintiff's FOIA request was ambiguous, and thus, the defendant complied the best way possible. The trial court found that the information defendant provided was not what plaintiff had requested, but instead defendant went above and beyond. The trial court granted defendant's motion for summary disposition and denied plaintiff's motion for summary disposition and attorney fees. This appeal followed.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgement as a matter of law. *Herald Co v City of Bay City*, 463 Mich 111, 117, 614 NW2d 873 (2000). A motion brought under MCL 15.231 should be granted when the request "describe[s] the public record sufficiently to enable the public body to find the public record." MCL 15.233(1); *Coblentz v Novi*, 475 Mich 558, 572-573; 719 NW2d 73 (2006). The description provided in such a request should not be read restrictively, and it need only identify "the information itself," not necessarily specific documents. *Herald Co*, 463 Mich at 117. In sum, a requesting party need not request or identify any of the records to be disclosed, but rather need only request information "sufficiently" to give

---

[1] Plaintiff suggests in his brief that defendant's responses were untimely, however, he fails to assert any entitlement to relief on that basis, so any such possible argument is abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

[2] As noted, I strongly disapprove of the use of such an unhelpful response, and I fully appreciate plaintiff's and the majority's frustration with DPS. Furthermore, the instant litigation likely *could* have been avoided if defendant had simply contacted plaintiff and requested clarification of the request, as plaintiff's request explicitly invited DPS to do. Indeed, much litigation could likely be avoided if the parties chose not to treat each other from the outset as enemies. Nonetheless, I do not believe that defendant was legally obligated to do more than it did.

the public body the ability to find the records.  See *Coblentz*, 475 Mich at 573.  The fundamental concern in this matter is whether plaintiff's description was, in fact, "sufficient."

The relevant paragraphs of plaintiff's FOIA request paragraphs specifically read as follows:

Please provide the following records retained in DPS Forms 4549, Forms A-N, and all other locations:

* * *

2. The total number of student discipline matters that have been referred by school officials to DPS Police Department officials during the past three academic years, categorized by: school, grade incident date, race or ethnicity of the student, and incident type.

3. The total number of student discipline matters that have been referred by school officials to the Detroit Police Department or other law enforcement agencies during the past three academic years, categorized by school, grade, incident date, race or ethnicity of the student, and incident type.

As discussed, defendant initially and on administrative appeal contended that the requested information did not exist.  Defendant continues to maintain that the requested information does not exist; the parties disagree as to whether the list of alleged offenses defendant provided provides the requested information.  A public body, in response to a FOIA request, should disregard technicalities, forego pettifoggery, and generally exercise basic common sense in determining the gravamen of what information the requesting party seeks.  However, I maintain that the public body is not required to engage in guesswork that *might* produce what the requesting party seeks, but might also produce a considerable amount of unresponsive noise.[3]

As an initial matter, I agree with plaintiff to the extent that *Herald Co* clearly and unambiguously requires public bodies to infer that a request for "records" may mean a request for "information," and vice versa.  Clearly, requesting parties will not necessarily have any knowledge of what discrete documents a public body possesses, and FOIA is intended to be convenient for members of the public at, if necessary, the cost of convenience for public bodies.  However, what the majority dismisses as "hyper technicality," I regard as a reasonable expectation that the requesting party is using language in the manner uniformly agreed upon as reflected by, say, an ordinary dictionary.  If a public body cannot rely on words meaning what they mean, there would seem to me to be no principled way to determine whether a description is "sufficient."

I agree with plaintiff that the referenced forms contain check boxes to indicate whether police were *involved* in an incident; however, I do not believe that "involvement" necessarily

_____

[3] Again, the *sensible* response to an unclear request would be to request clarification.

constitutes a "referral," and I disagree with the majority's extrapolation to that effect. In the absence of any statutorily-mandated definitions of which I am aware, involvement would mean that the police participated in an incident in some way, whereas referral would mean that the matter was transferred from the school's jurisdiction to the police's jurisdiction. See *Merriam-Webster's Collegiate Dictionary (11th ed)*. Involvement could, of course, encompass referral, but there is no way to know from the forms whether a referral occurred, and I have not been made aware of any evidence that defendant tracked referrals in any other way. It therefore appears that defendant simply would not have in its possession logs of student discipline matters *referred* to law enforcement entities. [4]

Significantly, plaintiff's requests call for specifically categorized information. Plaintiff contends, *now*, that he does not truly care about how, or even whether, the information was organized; he contended at oral argument that he would have been perfectly fine with defendant simply handing over all of its retained forms and letting plaintiff sort out any correlative data therein. However, there is absolutely no way defendant could have guessed that from the face of the request, nor should it have been expected to do so.[5] Put another way, defendant would have had no way to know whether the categorization part of the request was severable and disposable, or whether it was the categorization itself that was paramount to the request. The evidence indicates that defendant simply does not keep the kinds of correlative records plaintiff specifically and explicitly requested. A plain reading of plaintiff's requests would lead to the conclusion that those requests were monolithic, and as such, defendant would not have had any records containing the information plaintiff sought. As plaintiff properly concedes, FOIA does not require a public body to create records in response to a request.[6]

---

[4] The majority denies engaging in extrapolation because "[t]he District was well aware that some disciplinary actions wound up as police referrals" and "Monts sought the forms reflecting which disciplinary matters were reported to the police" so "no guesswork was required." I disagree: as I note, "referral" has a well-established and in no way obscure dictionary definition, and this Court usually defers to dictionaries to establish what constitutes "common-sense, everyday parlance." Expanding that definition to cover matters beyond what one would expect from reading a dictionary inherently means resorting to guesswork. Consequently, whatever Monts *now* explains he would have been satisfied to receive from the District, the District would have had no way to know that *until now* unless it just happens to have coincidentally decided to abuse otherwise agreed-upon definitions of words in the same "somewhat imprecise" way that Monts did.

[5] Although, again, defendant could have simply contacted plaintiff and asked.

[6] Of course, a public body might be under some other statutory or regulatory obligation to keep certain records. If the public body fails to do so, however, it would be in violation of *those* statutes or regulations. If the records truly were not kept, even if they were *illegally* not kept and they *should* exist, it is not a violation of FOIA to fail to disclose something that does not *actually* exist.

As discussed, I certainly find defendant's responses to plaintiff's requests as frustratingly unhelpful as plaintiff and the majority do. However, no matter what the better practice would have been, I am unaware of any legal requirement for a public body to do more than "issue a written notice to the requesting person denying the request." See MCL 15.235(2)(b). I conclude that, in the absence of a requirement that defendant affirmatively seek clarification, defendant otherwise acted in good faith and in compliance with the applicable law on the basis of plaintiff's requests *as they were actually articulated* and any reasonable extrapolations and inferences that could be drawn from the request. Again, I recognize plaintiff's assertion that the list of alleged offenses provided by defendant was what he was looking for all along, but as discussed above, that was not apparent from the face of the request. I therefore conclude that litigation did not have a causative effect on the delivery of any information that was sought in plaintiff's request. *Thomas v City of New Baltimore*, 254 Mich App 196, 202; 657 NW2d 530 (2002). The trial court therefore properly granted summary disposition in favor of defendant and denied plaintiff attorney fees and costs. MCL 15.240(6).

I would affirm.


/s/ Amy Ronayne Krause